## REDDEN *v.* THE TOWN OF COVINGTON.

BILL OF EXCEPTIONS.—A bill of exceptions, after setting out certain evidence, stated that "upon this evidence the court found for the plaintiff." Error being assigned that the verdict was not sustained by the evidence, the court refused to consider the question because it did not appear that all the evidence was contained in the bill.

CIRCUIT COURT.—JURISDICTION.—The Circuit Court has jurisdiction of an action by the trustees of a town to recover the license fee required by a town ordinance for selling liquor by retail, and a penalty for selling without license.

TOWNS.—To a suit by a town to recover the license fee required by a town ordinance to be paid by retailers of liquor, it was answered that the election at which the trustees who passed the ordinance were elected, was not conducted by the then trustees, as inspectors, but by disqualified persons, &c.

*Held,* that the answer was bad, as the question of the right of the trustees to exercise their office could not be questioned collaterally, and the answer did not negative the fact that they were trustees *de facto.*

APPEAL from the *Fountain* Circuit Court.

FRAZER, C. J.—This was a suit commenced in the circuit court for retailing liquor, in the town of *Covington,* without

license from the corporate authorities of the town, in violation of an ordinance fixing the price to be paid for such license at $100, and the penalty for violating the ordinance at the same sum.

The second paragraph of the answer alleged that the election, at which the trustees who passed the ordinance were elected, was not conducted by the then trustees, or any three of them, acting as inspectors, but by irresponsible and disqualified persons. A demurrer was sustained to this, and this presents one of the questions before us. It is also assigned for error that the circuit court had no jurisdiction of the cause. Another error assigned is, that the verdict was contrary to the evidence; but as the bill of exceptions does not profess to contain all the evidence, its statement, after setting out certain evidence, being that "upon this testimony the court found for the plaintiff," we cannot examine the question. Other questions are also presented by the assignment of errors, but the record does not so present them as to authorize their consideration.

The appellant does not favor us with any argument.

1. Had the circuit court jurisdiction? It is conjectured that the objection to the jurisdiction is based upon the 57th section of the act for the incorporation of towns, by which it is enacted that suits for the violation of ordinances "may be prosecuted before a justice of the peace of such town." 1 G. & H. 631. This language, however, does not exclude the jurisdiction of the circuit court, a tribunal which, by another act, is vested with exclusive jurisdiction of certain cases, and with concurrent jurisdiction in all other civil actions, "except as otherwise provided by law." 2 G. & H., § 5, p. 6. This was a civil action.

2. Was the second paragraph of the answer sufficient? We think not. It does not appear by the paragraph that the trustees who passed the ordinance were not trustees *de facto*. If they were, their acts as such would be valid, although they might not be such officers rightfully. The question of

their right to exercise the duties of the office cannot be questioned collaterally. This is a familiar proposition.

The judgment is affirmed, with ten per cent. damages and costs.

*J. Ristine*, for appellant.

*T. F. Davidson*, for appellee.