Mullikin *v*. The City of Bloomington.

No. 6598.

MULLIKIN *v*. THE CITY OF BLOOMINGTON.

TOWN.—*Incorporation of.*—*Legal Existence, how Questioned.*—*Quo Warranto.*—Where there is an attempt to change a town into a city, under the law authorizing towns to become cities, and thereafter such corporation assumed to and did act as an incorporated city, a citizen thereof, in his own behalf, can not attack the right of such corporation to exercise the powers of an incorporated city. Such right can only be questioned by a proceeding in the nature of a *quo warranto*, filed by one possessing competent authority, in behalf of the State.

SAME.—*Legalizing Act.*—The act of March 5th, 1877, Acts 1877, p. 23, cured all irregularities in the organization of the city of Bloomington, and validated its existence as such city.

SAME.—*Annexation of Territory.*—*Pleading.*—*Complaint.*—*Demurrer.*—*Injunction.*—*Taxes.*—*County Commissioners.*—Where a complaint to enjoin the collection of taxes assessed by an incorporated town upon lands alleged to have been illegally annexed thereto alleged that such annexation was made by the order of the board of county commissioners, of territory laid out in lots, and plat thereof recorded, but failed to show that the officers of such town did not also adopt a resolution annexing such territory, such complaint is insufficient on demurrer.

SAME.—*Board of Trustees.*—An allegation in such complaint, that the board of trustees of such town had not adopted a resolution annexing such territory prior to the petition to the board of commissioners, is not sufficient to show that none was adopted prior to the assessment of the tax complained of.

SAME.—*Presumption.*—*Public Officers.*—Until some breach or omission of duty on the part of public officers is shown, the presumption is in favor of the regularity and legality thereof.

SAME.—*Annexation of Platted Territory.*—*Jurisdiction.*—Where territory, sought to be annexed to a town, is laid out in lots, the board of county commissioners have no jurisdiction to authorize such annexation; it must be made by resolution of the town authorities.

JURISDICTION. — *Determination of.* — *Collateral Attack.*—Where an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its determination thereon is conclusive as against collateral attack.

INJUNCTION.—*Pleading.*—*Taxes.*—The allegation in a complaint to enjoin the collection of taxes, "that the said town lots of plaintiff were placed on the treasurer's books of said county for taxation for the purposes of said town," is not equivalent to an allegation that the tax duplicate is in the hands of the treasurer, and such complaint is therefore insufficient on demurrer.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan* and *J. F. Pittman*, for appellant.

*W. C. L. Taylor*, for appellee.

ELLIOTT, J.—The appellant, by his complaint, sought a judgment against the city of Bloomington, enjoining the collection of taxes which had been assessed against his property by the officers of that city. To the complaint a demurrer was sustained, and upon that ruling appellant bases his assignment of errors.

The position first assumed by appellant's counsel is, that the appellee's corporate existence was unlawfully changed from that of a town corporation to that of a city, under the general law for the incorporation of cities. There is no necessity for us to follow the line of argument pursued by counsel, for there is enough stated in the complaint to show that there was, at least, an attempt to change the town into a city, and to show that, after the attempt had been made, the corporation assumed to act, and did act, as an incorporated city. There is a law authorizing towns to become cities

Mullikin v. The City of Bloomington.

when they contain a designated number of inhabitants, by pursuing the course prescribed by statute. As there is a statute under which the town might have become a city, and as the complaint shows an attempt to comply with this statute, and shows, also, acts performed after such attempt (conceding that the statute was not strictly complied with), as a city corporation, and that powers were asserted under the general act for the incorporation of cities, a citizen, in his own behalf, can not attack the right of the corporation to exercise the functions, powers and authority of an incorporated city. In such cases as the present, the right to exercise the powers and authority of a corporation can only be questioned by a proceeding in the nature of a *quo warranto*, filed by some one possessing competent authority, in behalf of the State.

We do not mean to be understood as saying that the proceedings adopted by the corporate authorities were so irregular as to invalidate the attempted change (upon the contrary, our opinion is inclined the other way), but that it is not now necessary or proper to authoritatively determine that question.

The authorities which appellant cites, as to the effect of a statute prohibiting the performance of certain acts by corporations, have no application to such a case as the present, where the question is, whether there is or is not a corporation of a certain class. In the present instance, there has been an attempt to erect such a corporation; the attempt has been followed by user, by the assumption and exercise of corporate powers, and the State alone can question the right to the corporate existence assumed. The question here is, not as to whether a city corporation has transcended its powers, but whether there is any such corporation.

The act of March 5th, 1877, cures all irregularities in the organization of the city of Bloomington, and validates its existence as a city under the general act for the incorpora-

tion of cities. The act to which we refer recites, in its preamble, the irregularities upon which appellant bases his complaint, and in the plainest terms legalizes the proceedings of the town and city authorities, and in all things legalizes the incorporation of the city of Bloomington. Acts 1877, p. 23. There can be no fair debate as to the intent and meaning of this statute, and its constitutionality is not questioned.

Another ground urged against the validity of the tax is, that the proceedings of the town authorities in annexing contiguous territory were irregular. The complaint alleges that the petition of the town was filed with the commissioners of the county, asking that certain contiguous territory be annexed; that the petition of the town averred that the territory sought to be annexed was not platted into lots, and that no plat was recorded; and that this averment of the petition of the town was not true; but that plaintiff was the owner of lots platted in said territory, and plats of which had been recorded. As we understand the argument of counsel, it is that the annexation proceedings were ineffective, because the board of commissioners, upon the petition of the town, directed that the territory should be annexed, whereas the annexation should have been made by a resolution of the town trustees without any application to the board of commissioners. This argument is built upon the provisions of sections 50 and 51 of the general act for the incorporation of towns; the first of which provides that, where lots are laid off and platted, the town may, by resolution of the board of trustees, annex such territory; the second of said sections provides that, where the territory is not laid out into lots, the town shall apply to the board of county commissioners. If we were to grant that the only proper method of procedure is by resolution of the town boards, where the lots are laid out and plats recorded, still the appellant makes no case authorizing relief by injunction, because, for aught that ap-

pears, the town officers may also have adopted a resolution annexing the contiguous territory. We can not presume that the officers were guilty of a breach of duty; upon the contrary the presumption is exactly the reverse. Until the complaining party shows some breach or omission of duty the presumption is in favor of the legality and regularity of the acts of public officers. The complaint shows that the town authorities desired to annex the territory described, that they petitioned for its annexation; and we have no right, in the absence of some showing to the contrary, to presume that they did not adopt all such resolutions or orders as were necessary to carry into effect the expressed intention to annex the contiguous territory described in the petition. The mere fact that the town authorities petitioned the commissioners does not exclude the presumption, that, if it was necessary to do so, they also adopted the proper resolution. It may well be, that, out of the abundance of caution, they deemed it prudent to proceed in both methods, by resolution of the board of trustees, and by the petition to the county board; and if either was correct their acts were valid, even though they had done a useless thing.

The case of *Taylor* v. *The City of Ft. Wayne*, 47 Ind. 274, has little else in common with the present case than that it is upon the general subject of the annexation of contiguous territory by municipal corporations. *The City of Peru* v. *Bearss*, 55 Ind. 576, decides that, where a city petitions for the annexation of contiguous territory, the board of commissioners have no power to order the annexation of a part only of the territory described in the petition. There is no such question in the present case, for here the complaint avers that a petition was presented to the board of commissioners, but does not aver that the town authorities did not also adopt the requisite resolution. There is, in truth, nothing from which it can be inferred that a resolution of the town trustees was not also adopted. The

allegation in the complaint, that the board of trustees had not adopted a resolution prior to the petition to the board of commissioners, is not sufficient to show that none was adopted prior to the assessment of the tax of which appellant complains.

The complaint avers, with distinctness, that the petition of the town to the county board stated that the territory was not laid out into lots and platted. This was a jurisdictional fact; for, where lots are platted, the commissioners have no jurisdiction, because, in such a case, the annexation must be made by resolution of the town authorities. *Taylor* v. *The City of Ft. Wayne*, 47 Ind. 274. Section 51, already referred to, of the general act for the incorporation of towns, provides that, "When any town shall desire to annex contiguous territory thereto, not platted or recorded," the trustees shall petition the board of commissioners. It is apparent that it is only where the lands are *not* platted that the commissioners have any jurisdiction, and, as the complaint avers that they did entertain jurisdiction, we are bound to conclusively presume that they considered and determined the existence of this jurisdictional fact. The case, therefore, comes within the well settled rule, that where an inferior tribunal is required to ascertain and decide upon the facts essential to its jurisdiction, its determination thereon is conclusive as against a collateral attack. *The Board of Commissioners, etc.*, v. *Hall*, 70 Ind. 469; *Porter* v. *Stout*, 73 Ind. 3. If this be the correct construction to be given the proceedings before the commissioners, then it must follow that the order of the board directing the annexation is conclusive, and the territory described in the order of annexation must be deemed to have been legally annexed to the town of Bloomington.

In *Pugh* v. *Irish*, 43 Ind. 415, it was held that the complaint must show that the assessment was placed upon the tax duplicate, that the duplicate is in the hands of the treas-

urer, and that he is threatening to collect the tax.   In the later case of *Brown* v. *Herron*, 59 Ind. 61, the court said: "The complaint does not aver that the tax duplicate is in the hands of the treasurer, without which, having no power to make the levy, the act of levying would be a mere trespass, which can not be enjoined, because the remedy is complete in an action at law." Tested by the rule declared in these cases, the complaint is clearly insufficient, because it does not show that the tax duplicate was in the hands of the treasurer. It does not, indeed, show that the taxes were ever entered upon the duplicate. The allegation of the complaint is, " that the said town lots of plaintiff were placed on the treasurer's books of said county for taxation for the purposes of said town." This allegation does not show upon what book the taxes were placed, and the appellant is not in a position to ask us to presume, upon an allegation so vague and indefinite, that a public officer is about to commit an actionable wrong. One who invokes the aid of an extraordinary remedy ought to present the facts upon which he relies, distinctly, certainly and positively.

Judgment affirmed, with costs.