McEneney *et al. v.* The Town of Sullivan.

Filed Oct. 15, 1890.

---

No. 15,423.

McEneney et al. *v.* The Town of Sullivan.

Street Improvement.—*Lien for Local Assessment.—Notice.*—Notice at some stage of the proceedings prior to a conclusive judgment is requisite in order to authorize the subjection of property to a special lien for a local assessment.

Same.—*Act of March 8th, 1889.—Constitutionality of.—Notice.*—The act of March 8th, 1889, provides notice to the property-owners, and is constitutional.

| | |
|---|---|
| 125 | 407 |
| 130 | 517 |
| 125 | 407 |
| 133 | 93 |
| 133 | 338 |
| 125 | 407 |
| 136 | 618 |
| 140 | 254 |
| 141 | 697 |
| 143 | 522 |
| 125 | 407 |
| 149 | 599 |
| 150 | 554 |
| 125 | 407 |
| 153 | 258 |
| 153 | 572 |
| 125 | 407 |
| 155 | 388 |
| 125 | 407 |
| 161 | 376 |
| 162 | 457 |
| 162 | 486 |
| 162 | 488 |
| 125 | 407 |
| 163 | 210 |

McEneney *et al.* *v.* The Town of Sullivan.

SAME.—*Proceedings for Injunction.—Only Jurisdictional Questions Available.*— An injunction suit to prevent the improvement of a street at the expense of the abutting owners, is a collateral attack upon the proceedings of the corporate officers, and only defects or irregularities affecting the jurisdiction can be made available. Questions as to the manner in which the work was done under the contract, and kindred questions, can not be considered in such suit, for they do not go to the jurisdiction.

SAME.—*Act of 1889.—Authority of Municipal Corporation to Order Local Assessments.—Insufficient Petition.*—The act of March 8th, 1889, does not restrict the authority of municipal corporations to order local assessments to cases where petitions are filed, but invests them with authority to order the assessments by a vote of two-thirds of the members of the common council or board of trustees without a petition. Hence, the fact that there is an insufficient petition does not necessarily render the proceedings void for want of jurisdiction, for the proceedings may not have been founded upon the petition.

SAME.—*Town Trustees.—Adjudication of Sufficiency of Petition.—Collateral Attack.*—Where the record showed that a petition was presented to the town trustees, and that they adjudged it to be sufficient, this was an adjudication upon a jurisdictional fact, and is conclusive against a collateral attack.

From the Sullivan Circuit Court.

*T. J. Wolfe, I. H. Kalley, W. C. Hultz* and *O. B. Harris,* for appellants.

*G. W. Buff, J. S. Bays, J. T. Hays* and *H. J. Hays,* for appellee.

ELLIOTT, J.—The appellants seek an injunction preventing the appellee from improving a street on which they are abutting owners at their expense. The town assumes to proceed under the act of March 8th, 1889 (Elliott's Supp., section 812). It is alleged in the complaint that two-thirds of the adjoining lot-owners did not petition for the work; that two separate improvements were attempted to be made under one petition, to wit, the improvement of Main street, on the north side of the public square, and the improvement of Main street on the south side of the public square; that the improvement was not made according to the contract, and that the street was not improved according to the grade

established by the civil engineer. The verified answer shows that a petition was presented to the board of town trustees, and that the board found that it was signed by the requisite number of persons; that by a unanimous vote of the board a resolution was adopted declaring that the improvement was necessary, and directing that a notice to the property-owners should be published; that the notice was published, notifying such owners to make objections to the improvement; that the board met at the time specified for the purpose of hearing objections, but none were made. The answer further shows that a notice inviting proposals was duly published; that bids were received, the contract awarded, and the work done under it according to the specifications and profile. The evidence adduced upon the hearing amply supports, and in full detail, the averments of the answer which we have given in bare outline.

We are very clear that the court did not err in dissolving the restraining order or temporary injunction, for no case is made by the appellants.

Notice at some stage of the proceedings prior to a conclusive judgment is requisite in order to authorize the subjection of property to a special lien for a local assessment. *Barber, etc., Co.* v. *Edgerton, post*, p. 455; *Kuntz* v. *Sumption*, 117 Ind. 1 ; *Garvin* v. *Daussman*, 114 Ind. 429 ; *Stuart* v. *Palmer*, 74 N. Y. 183 ; *State, ex rel.*, v. *City of Fond du Lac*, 42 Wis. 287. The trend of the decisions of the Federal Courts is very much in the direction that where there is no notice there is no process of law within the meaning of the Fourteenth Amendment. If that be so the question has become a Federal one, and the decisions of the United States Supreme Court are controlling, and they seem to require notice as an element of due process of law. *Scott* v. *City of Toledo*, 36 Fed. R. 385. See authorities n. 2, Elliott Roads and Streets, p. 397, and n. 1, p. 153. But however this may be, our own decisions, and those of many other States, do affirm that notice is essential. As these decisions declare the law, it is

the duty of the Legislature to provide for some notice, but it is within its power to prescribe what the notice shall be. *Walker* v. *Boston, etc., Railroad,* 3 Cush. 1 ; *City of Salem* v. *Eastern R. R. Co.,* 98 Mass. 431 ; *Mason* v. *Messenger,* 17 Iowa, 261 ; *Matter of Village of Middletown,* 82 N. Y. 196.

It is probably true that a notice so palpably unreasonable as to be of no avail would not meet the requirements of the Constitution, and it would be the duty of the courts to adjudge it insufficient, but it would require a very clear and strong case to authorize judicial interference. There is no such case before us, for there is a notice provided which can not be declared unreasonable.   *Quill* v. *City of Indianapolis,* 124 Ind. 292.

The contention that the act of March 8th, 1889, is unconstitutional because it fails to provide notice to the property-owners can not be sustained.

The attack made upon the proceedings of the corporate officers is a collateral one, and it is well settled that upon such an attack only defects or irregularities affecting the jurisdiction can be made available.   Any other rule would break down the distinction between collateral and direct attacks and open the way to great wrongs and abuses.   But upon this question the authorities are quite well agreed ; indeed, the only phase of the question upon which there is diversity of opinion is as to what shall be considered jurisdictional facts.   Our own cases uniformly hold that upon such an attack as the present only such questions as affect the jurisdiction can be considered.   *Montgomery* v. *Wasem,* 116 Ind. 343, and cases cited ; *Jackson* v. *Smith,* 120 Ind. 520, and cases cited ; *Barber, etc., Co.* v. *Edgerton, supra.*   It is obvious, therefore, that the questions here presented are radically different from such as might be presented by a direct attack.

Questions as to the manner in which the work was done under the contract and kindred questions can not, it is manifest, be considered in a suit for injunction, for such ques-

tions do not go to the jurisdiction. Authorities cited in note 5, Elliott Roads and Streets, p. 442. The settled rule that only questions going to the jurisdiction can be considered in a suit for injunction requires us to decline to consider or decide many of the questions which the appellants endeavor to present.

Aside from the question of the constitutionality of the act, the only question which affects the jurisdiction is that which arises upon the contention that the petition was not signed by the requisite number of qualified persons. It is proper to say, to avoid misconception, that where there is authority to proceed either with or without a petition, the fact that there is an insufficient petition does not necessarily render the proceedings void for want of jurisdiction, for it may well be that the proceedings were not founded upon the petition. *City of Indianapolis* v. *Mansur*, 15 Ind. 112. The statute before us does not restrict the authority of municipal corporations to order local assessments to cases where petitions are filed; but, on the contrary, it invests them with authority to order the assessments by a vote of two-thirds of the members of the common council or board of trustees without a petition. Presumptions are made in favor of the acts of corporate officers, and we can not, in defiance of this rule, presume that the proceedings in this instance were founded on a petition, but we must presume that the corporate trustees exercised the power vested in them by the provision authorizing them to order assessments by vote of two-thirds of the members of the board. The record shows that the assessment was ordered by a unanimous vote, and we can not hold that the order rests solely on the petition of the property-owners. But independently of this consideration and upon the concession that the petition is the foundation of the proceedings, the case is still against the appellants.

The record shows that a petition was presented to the town trustees, and that they adjudged it to be sufficient. This

was an adjudication upon a jurisdictional fact, and it is conclusive against a collateral attack. For many years and by many decisions it has been held by our court that the decision of an inferior tribunal upon jurisdictional facts is conclusive where the attack is collateral and not direct. *Evansville, etc., R. R. Co.* v. *City of Evansville*, 15 Ind. 395 ; *Cauldwell* v. *Curry,* 93 Ind. 363 ; *Quarl* v. *Abbett,* 102 Ind. 233 ; *Platter* v. *Board, etc.,* 103 Ind. 360, and cases cited ; *Jackson* v. *Smith, supra,* and cases cited. This is the doctrine of the Supreme Court of the United States, and it is the doctrine of many other courts. *Commissioners of Knox Co.* v. *Aspinwall,* 21 How. 539 ; *Town of Coloma* v. *Eaves,* 92 U. S. 484 ; *Commissioners, etc.,* v. *Bolles,* 94 U. S. 104 ; *Henline* v. *People,* 81 Ill. 269 ; *Chicago, etc., Co.* v. *Chamberlain,* 84 Ill. 333 ; *Roderigas* v. *East River, etc., Institution,* 63 N. Y. 460 (20 Am. R. 555); *Porter* v. *Purdy,* 29 N. Y. 106. In speaking of this doctrine an able lawyer says : " There is nothing absurd or illogical in holding that a body of limited powers may determine whether the questions which are brought before it admit of the exercise of its powers. If limitation of power necessarily excluded the right of ultimate decision, nothing could be decided finally under governments, which, like those of this country, are throughout, and without exception, limited." 1 Smith's Leading Cases (8th Am. Ed.), 1116.

Judgment affirmed.

Filed Oct. 15, 1890.