Willard *v.* Albertson.

[No. 2,785.    Filed May 24, 1899.    Rehearing denied Oct. 27, 1899.]

STREET IMPROVEMENTS.—*Declaratory Resolution.—Jurisdiction.*—It is not necessary to pass a resolution declaring the necessity of a street improvement in order to give the common council jurisdiction.    *p. 165.*

SAME.—*Cities.—Legality of Incorporation.*—The legality of the incorporation of a city cannot be raised in an action to foreclose assessments for street improvements.    *p. 165.*

SAME.—*Ordinance for Improvement of Two Streets.—Assessments.*—Where an ordinance was passed for the improvement of two streets and only one was improved, the costs thereof cannot be assessed on both streets.    *p. 165.*

SAME.—*Pleading.—Fraud.—Due Process of Law.*—An answer to a complaint in an action to foreclose assessments for street improvements charging fraud and want of due process of law must state facts from which the court can determine the existence of fraud or the want of due process of law.    *p. 165.*

APPELLATE COURT.—*Constitutional Law.*—The Appellate Court has no jurisdiction of constitutional questions.    *p. 165.*

From the Lawrence Circuit Court.    *Affirmed.*

*John D. Alexander, James H. Willard, R. W. McBride* and *C. S. Denny,* for appellants.

*T. J. Brooks, W. F. Brooks, B. K. Elliott* and *W. F. Elliott,* for appellees.

COMSTOCK, J.—The questions discussed in this appeal are passed upon in *Lewis* v. *Albertson, ante,* 147, with the exception of the action of the court in sustaining demurrers to the second, fifth, seventh, and eleventh paragraphs of answer.    This specification of error is in the following lan-

guage: "Third. That the court erred in sustaining plaintiffs' demurrers to the second, fifth, seventh, and eleventh paragraphs of defendants' Willard & Willard's answer."

Appellants claim that the second paragraph of answer sets up matters, which if true, show the original resolution of necessity was void, but do not state in what particular or particulars it was void. Such resolution and notice, however, are not essential to the giving of jurisdiction to the common council. *Hughes* v. *Parker*, 148 Ind. 692; *Pittsburgh, etc., R. Co.* v. *Hays*, 17 Ind. App. 261.

The fifth paragraph of answer avers that the resolution for the improvement of I street was void for the reason that the city of Bedford was never a legally incorporated municipality. This raises a constitutional question. The legality of the incorporation can not be attacked thus collaterally. *Mullikin* v. *City of Bloomington*, 72 Ind. 161.

The seventh paragraph is to the effect that the council passed an ordinance to improve H and I streets, improved I street and assessed the cost on I street alone, when it should have been assessed on both streets. This proposition can not be sustained. It is answered in *Lewis* v. *Albertson, supra*, and *City of Connersville* v. *Merrill*, 14 Ind. App. 303. The eleventh paragraph of answer avers that the assessment against the lots and parcels of ground in the complaint described is in excess of their assessed value for taxation; that the assessment is without due process of law, and is in violation of the bill of rights under the Constitution of the State of Indiana and of the United States, and is fraudulent and corrupt and for the purpose of confiscating the lands in question. So far as this paragraph attempts to plead fraud and want of due process of law, it is defective for not averring facts from which the court could determine the existence of fraud, or the want of due process of law. Of the constitutional question, this court has no jurisdiction. Upon the other questions discussed the judgment is affirmed

upon the authority of *Lewis* v. *Albertson, supra.*   Judgment affirmed.

PER CURIAM.—It having been suggested that Mrs. Kate N. Willard, one of the appellants, has died since the submission of this cause, it is ordered that the judgment rendered herein be as of the term when the submission was made.