## DEANE ET AL. *v.* INDIANA MACADAM & CONSTRUCTION COMPANY.

[No. 19,941. Filed November 4, 1903.]

MUNICIPAL CORPORATIONS.—*Towns.*—*Street Improvements.*—*Enforcement of Assessments.*—*Complaint.*—A complaint to enforce a street improvement assessment alleged that the board of trustees of the town adopted a declaratory resolution for the improvement of so much of Arch street as lies between the north line of First street and the south line of Broadway street, and that when the contract was let and the improvement completed defendants owned certain described real estate fronting on that part of said street so improved. *Held,* that the description was sufficiently certain to show the portion of the street to be improved and that it was in the town alleged. *pp. 373, 374.*

PLEADING.—*Exhibits.*—While exhibits can not supply the place of necessary allegations in a pleading, they may add to the certainty of the averments with which they are properly connected and thereby relieve the pleading from the defect of uncertainty. *p. 374.*

MUNICIPAL CORPORATIONS.—*Towns.*—*Street Improvements.*—*Complaint.* —It is not necessary that the complaint in an action to enforce a street improvement assessment specifically state the depth and width of the improvement and the kind of material used, when

Deane *v.* Indiana Macadam, etc., Co.

the resolutions and ordinances adopted by the board and the contract and specifications fixing these particulars, are referred to in the complaint by proper averments. *p. 374.*

MUNICIPAL CORPORATIONS.—*Towns.*—*Street Improvements.*—*Complaint.* —Averments in a complaint to enforce an assessment for street improvements that a final estimate of the cost of the improvement was made by the city engineer; that this estimate was filed with the town clerk; that the estimate showed the amounts which should be assessed against the lots abutting upon the part of the street so improved; that the work was accepted as completed by the board of trustees; that they gave the notice prescribed by statute of the hearing upon the assessments, and on a certain day accepted and confirmed the report and the assessment of benefits so made against the several lots reported benefited, together with the amount of the cost of such improvement each lot should bear, sufficiently show that the cost of the improvement was to be borne by the abutting property. *pp. 374, 375.*

SAME.—*Towns.*—*Street Improvements.*—*Notice.*—*Complaint.*—An allegation in the complaint in an action to enforce a street improvement assessment that the board of trustees "gave two weeks' notice in said public newspaper of general circulation printed and published in said town, and the place, when a hearing could be had before the said board of trustees upon the said assessments of benefits as fixed by said engineer in his said report," was sufficient to show that notice of the time and place of the hearing was given. *p. 375.*

SAME.—*Towns.*—*Street Improvements.*—*Appeal.*—*Constitutional Law.*— The statute relative to street improvements in towns is not unconstitutional because no right of appeal is given as in the case of similar improvements in cities. *pp. 375, 376.*

SAME.—*Street Improvements.*—*Constitutional Law.*—The statute authorizing the assessment of the cost of street improvements to the abutting property by the front-foot rule is constitutional. *p. 376.*

PLEADING.—*Cross-Complaint.*—A joint cross-complaint which fails to state facts sufficient to constitute a cause of action in both cross-complainants is bad on demurrer. *pp. 376, 377.*

APPEAL AND ERROR.—*Street Improvements.*—*Enforcement of Assessment.*— *Attorney's Fees.*—An alleged excessive allowance of attorney's fees in a proceeding to enforce a street improvement assessment will not be reviewed on appeal, where there was no motion for a new trial on the ground that there was an error in the assessment of the amount of recovery, nor any assignment of error under which such question could be examined, and the evidence is not in the record. *pp. 377.*

From Tippecanoe Circuit Court; *R. P. DeHart,* Judge.

Action by the Indiana Macadam & Construction Company against John Deane and wife. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Isaac Parsons, C. E. Thompson* and *D. E. Storms,* for appellants.

*Frank Foltz, C. G. Spitler, H. R. Kurrie, E. P. Hammond, W. V. Stuart* and *D. W. Simms,* for appellee.

Dowling, J.—This is an action to collect an assessment and to enforce a lien against a lot owned by the appellant John Deane in the town of Monon for work done by the appellee in the improvement of a street. The proceedings for such improvement were under the act of March 6, 1891 (Acts 1891, p. 323, §§4288-4294 Burns 1894). A demurrer to the complaint for want of facts was overruled, and a joint demurrer of both appellants to the third paragraph of appellee's answer to the second paragraph of appellant's cross-complaint was carried back and sustained to the second paragraph of the cross-complaint. These rulings are assigned for error.

The first, second, and fourth objections taken to the complaint are that the description of the portion of the street alleged to have been improved is not sufficiently certain, and that it does not appear that such part of the street is within the town of Monon. The averments of the complaint in this connection are that on December 22, 1898, "the board of trustees of the town of Monon, by a vote of two-thirds of the members, adopted a declaratory resolution for the improvement of so much of Arch street as lies between the north line of First street, and the south line of Broadway street, by grading and macadamizing the said part of said street, in accordance with the profile and specifications of said work; * * * that at the time the said contract was let and the said improvement was completed John Deane and Martha Deane were the owners in fee simple of the following described real estate,

to wit, lot eighteen, Arch street, in Wilson's addition to the said Monon, Indiana, which had a frontage of sixty feet upon that part of said street so improved." The assessment roll, which was properly made an exhibit and filed with the complaint, contained this description of the improvement: "A first and final estimate for grading and draining and macadamizing Arch street from the north line of First street, to the south line of Broadway street, in said town of Monon. * * * John Deane and Martha Deane, Wilson addition, lot No. 18, Arch street, $54."

The averments of the complaint, without aid from the exhibit, make it sufficiently certain that the portion of Arch street between First and Broadway streets, improved under the ordinance, was within the corporate limits of the town of Monon; and that the lot owned by the appellants abutted upon the part of the street so improved. While exhibits can not supply the place of necessary allegations in a pleading, they may add to the certainty of averments with which they are properly connected, and thereby relieve the pleading from the defect of uncertainty. In this case, the copy of the assessment roll, which is the written instrument on which the appellee's claim is founded, removes all uncertainty regarding the location of the improvement.

The third point made against the complaint is that the depth and width of the improvement and the kind of material to be used are not specifically stated. It was not necessary that they should be. The resolutions and ordinances passed by the board, and the contract and specifications fixing these particulars, are referred to in the complaint by proper averments, and no more definite statement of these items was required. *Lewis* v. *Albertson,* 23 Ind. App. 147; *Leeds* v. *Defrees,* 157 Ind. 392; *Pittsburgh, etc., R. Co.* v. *Hays,* 17 Ind. App. 261.

It is asserted on behalf of appellants, as a fifth objection, that the complaint contains no averment that the cost

of the improvement was to be assessed against the abutting property. We find, however, that there is an allegation that a final estimate of the cost of the improvement was made by the city engineer; that this estimate was filed with the town clerk; that the estimate showed the amounts which should be assessed against the lots abutting upon the part of the street so improved; that the work was accepted as completed by the board of trustees; that they gave the notice prescribed by the statute of the hearing upon the said assessment of benefits; and that on October 12, 1899, the said board accepted and confirmed the said report, and the assessment of benefits so made against the several lots reported benefited, together with the amount of the cost of such improvement each lot should bear. These allegations plainly showed that the cost of the improvement was to be borne by the abutting property.

A sixth point made against the complaint was that it did not aver that notice of the time and place when and where a hearing upon the report of the assessments against the abutting property would be given. The allegation of the complaint is that the board "gave two weeks' notice in said public newspaper of general circulation printed and published in said town, and the place, when a hearing could be had before the said board of trustees upon the said assessments of benefits as fixed by said engineer in his said report." Awkwardly constructed as the sentence undoubtedly is, it amounts to an averment that notice of the time and place of the hearing was given.

The last objection made to the complaint is that so far as the act for the improvement of streets applies to towns, it is unconstitutional, for the reason that no right of appeal is given as in the case of similar improvements in cities, and that the assessment of the cost of the improvement by the front-foot rule is a taking of property for public use without due process of law. It is not nec-

essary to the validity of such statutes that a right of appeal should be given. Notice to the property holder and a hearing are provided for, and this is all that is required. *Lake Erie, etc., R. Co.* v. *Watkins,* 157 Ind. 600, 604; *Sullivan* v. *Haug,* 82 Mich. 548, 10 L. R. A. 263; *McEneney* v. *Town of Sullivan,* 125 Ind. 407; Acts 1891, p. 323, §2; *Barber Asphalt Pav. Co.* v. *Edgerton,* 125 Ind. 455.

The validity of the provision for the collection of the assessments against the property abutting upon the improvement has been recognized and declared in many cases, and the question must be regarded as settled. *Adams* v. *City of Shelbyville,* 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484; *Taylor* v. *City of Crawfordsville,* 155 Ind. 403; *Martin* v. *Wills,* 157 Ind. 153; *Leeds* v. *Defrees,* 157 Ind. 392.

The second paragraph of appellant's cross-complaint charged, in substance, that no certificate of the election of the persons acting as town trustees was at any time filed with the clerk of the White Circuit Court, and that, consequently, their proceedings in the matter of the improvement of said Arch street were void, under the provisions of the act of March 10, 1873. Acts 1873, p. 218, §16, §4331 Burns 1901. That section contains, among other things, the following: "And it shall be the further duty of such inspectors to make a certified statement, over their own signatures, of the persons elected to fill the several offices in said town, and to file the same with the clerk of the circuit court in the county thereof, within ten days from the day of such election. And no act or ordinance of any board of trustees chosen at such election shall be valid until the provisions of this section are substantially complied with." To this paragraph a demurrer was sustained, and the appellants, John Deane and Martha Deane, jointly assign this ruling as error. The paragraph in question does not purport to state a cause of action in favor of the appellant Martha Deane. Its conclusion is "Where-

fore cross-complainant demands judgment * * * for the cancelation of said lien, * * * for the quieting of the title of the said John Deane to said lot, * * * for the costs of this action, and for all other just and proper relief." As the second paragraph of the cross-complaint was a joint pleading, unless it stated facts sufficient to constitute a .cause of action in both the cross-complainants therein it was bad on demurrer. *Brunson* v. *Henry,* 140 Ind. 455; *McIntosh* v. *Zaring,* 150 Ind. 301; *City of New Albany* v. *Lines,* 21 Ind. App. 380.

We think, too, that the matters stated in said paragraph were in the nature of a collateral attack upon the proceedings of the town board, and for that reason were not available as a defense to this action. *Redden* v. *Town of Covington,* 29 Ind. 118; *Mullikin* v. *City of Bloomington,* 72 Ind. 161; *Willard* v. *Albertson,* 23 Ind. App. 164; *Willard* v. *Albertson,* 23 Ind. App. 166; Elliott, Roads & Sts. (2d ed.), §589.

It is pointed out by counsel for appellee that, while the exceptions of the appellants to the ruling on the demurrer which was sustained to this paragraph were several, the assignment of error is joint, and therefore not good as to either. While we are inclined to the opinion that this objection is fatal to the last named assignment, we have considered the question presented, and have given the appellants the benefit of the assignment as if it had been well made.

By an additional brief appellants refer to what is deemed an excessive allowance for attorney's fees. The evidence is not in the record. There was no motion for a new trial on the ground that there was an error in the assessment of the amount of the recovery, nor any assignment of error under which this question could be examined. For these reasons we can not pass upon it.

There being no available error in the record, the judgment is affirmed.