## DALY ET AL. *v.* GUBBINS ET AL.

[No. 20,972. Filed November 22, 1907. Rehearing denied February 20, 1908.]

1. PLEADING.—*Complaint.—Motion to Make More Specific.—Street Assessment Liens.—Collateral Attack.*—On a motion to make more specific, a complaint for the foreclosure of a street assessment lien does not need to set out all of the subsidiary matters leading up to the completion of an assessment for street improvements,

and it will ordinarily be sufficient if the jurisdictional facts are properly alleged, mere irregularities or inaccuracies being insufficient to avoid such assessment on a collateral attack. p. 108.

2. PLEADING.—*Complaint.—Street Assessment Liens.—Demand.*— An allegation, in a complaint for the foreclosure of a street assessment lien, that payment of the assessment was demanded more than sixty days before the suit was begun, is, upon demurrer, a sufficient allegation of a demand. p. 108.

3. APPEAL.—*Defective Complaint.—Special Findings.*—Informalities in a complaint may be cured by the special findings. p. 108.

4. PLEADING.—*Complaint.—Street Assessment Liens.—Foreclosure.* —A complaint for the foreclosure of a street assessment lien, alleging the location of the improved street, the width, character and terminal points of the improvement, the issuance of the proper notices and other jurisdictional steps, including a copy of that part of the assessment that relates to defendants' property, is sufficient. p. 109.

5. MUNICIPAL CORPORATIONS.—*Street Improvements.—Length of Improvements.*—Under §4288 Burns 1901, Acts 1889, p. 237, §1, municipal corporations may improve any desired length of the street. p. 109.

6. SAME.—*Street Improvements.—Defects.—Defenses.—Collateral Attack.*—In a collateral attack upon a street assessment, the fact that no general plan of improvement had been adopted, or that there were no plans and specifications, or that there was no publication of a general plan of street improvements, or that no town engineer ever existed, or that no office of town engineer had been created, or that no grade had been established, or that the grade was changed after the letting of the contract, or that the grade was unlawfully changed by the contractors, or that the salary of the town engineer was included in the cost of the improvement, or that the town board made certain reservations in the contract, thereby enhancing the contract price of the improvement, constitutes no defense. p. 110.

7. SAME.—*Town Trustees.—Filing Election Certificates.—Collateral Attack.*—Section 4331 Burns 1901, §3309 R. S. 1881, requiring the election inspectors to file with the clerk of the circuit court the certificates of election of the town trustees, applies only to the first election of a town board; and such failure cannot be set up as a defense, where it would constitute a collateral attack on the town board's proceedings. p. 111.

8. SAME.—*Town Trustees.—Acts of.—Validation.*—Where the official proceedings of a town board were validated by a special act of the legislature before the institution of the suit a street assessment made by such board cannot be questioned. p. 111.

9. MUNICIPAL CORPORATIONS. — *Street Assessments.* — *Interested Town Trustee.*—*Acts of.*—In the absence of a prohibitory statute, the fact that a town trustee owns a lot along the improved street, constitutes his act in assisting in the making of the street assessment merely voidable and not void. p. 112.

10. ESTOPPEL. — *Frontagers.*—*Street Improvements.*—*Acquiescence.* —Frontagers who stand by and reap the benefit of voidable street improvements are estopped to defend against paying for same. p. 112.

11. APPEAL.—*Briefs.*—Where the special findings and conclusions of law are not set out in appellants' brief, alleged errors therein are waived. p. 113.

From Delaware Circuit Court; *Joseph G. Leffler*, Judge.

Suit by John Gubbins and another against George Daly and another. From a decree for plaintiffs, defendants appeal. *Affirmed.*

*Frank Ellis*, for appellants.

*Templer & Ogle*, for appellees.

MONTGOMERY, J.—Appellees brought this suit to foreclose a special assessment lien for street improvements made by them in the town of Normal City. Appellants, having unsuccessfully moved to require the complaint to be made more specific, and demurred to the same, answered in sixteen paragraphs. Demurrers were sustained to all paragraphs of answer except the first and eleventh, the first being a general denial. A reply in denial was filed to the eleventh paragraph of answer, the cause tried by the court, a special finding made, with conclusions of law in favor of appellees, and judgment was entered accordingly. Appellants' motion for a new trial was overruled.

Appellants have assigned and urged as errors, the overruling of their motion to make the complaint more specific, the overruling of their demurrer to the complaint, and the sustaining of the demurrers to paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15 and 16 of the answer.

It was asked that the complaint be made more specific with respect to the facts shown in the engineer's estimate, the price of work, the nature and kind of improvement

made, the bid, the amount of assessment per running foot, and whether the total length of the improvement was more than one whole square. The improvement was made upon petition of two-thirds of the abutters. Whenever such a petition is presented, praying for a street improvement of one whole square or more in length, it is the duty of the board to cause the same to be made, and the board may, in its discretion, authorize such improvement for any reasonable distance less than one square in length. §4288 Burns 1901, Acts 1889, p. 237, §1. It is manifest that the length of the improvement could not affect the jurisdiction of the board over the subject, and otherwise the special facts sought were of no consequence in this proceeding. The other specifications of the motion related to matters which preceded and were necessarily merged in the final assessment made against appellants' property, and such facts cannot be reviewed in this action. If all statutory steps were taken and notices given, as alleged in the complaint, appellants were bound to investigate all such matters at the hearing before the special committee appointed to consider and report upon the engineer's final estimate, and when the work of this committee was completed and confirmed by the board of trustees the assessment became conclusive against collateral attack upon a charge of irregularity or inaccuracy. The motion to make the complaint more specific was rightly overruled.

The only objection urged against the sufficiency of the complaint is with regard to the allegation of a demand for payment. It is averred that payment of the assessment was demanded more than sixty days before the suit was begun, and while the language of the statute has not been followed, the allegation is sufficient as against a demurrer. This holding is justified, further, from the circumstance that a special finding of facts was made, and in such cases any informality in the complaint may be cured and rendered harmless by the findings

and conclusions of law.  *Ross* v. *Van Natta* (1905), 164 Ind. 557; *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202; *Runner* v. *Scott* (1898), 150 Ind. 441; *Woodward* v. *Mitchell* (1895), 140 Ind. 406.

The complaint avers the location of the street improved, the width, character and terminal points of the improvement, and contains allegations with respect to notices and other requisite jurisdictional steps, including a copy of so much of the assessment as relates to appellants' property. The complaint was sufficient. *Deane* y. *Indiana Macadam, etc., Co.* (1903), 161 Ind. 371; *Leeds* v. *Defrees* (1901), 157 Ind. 392; *VanSickle* v. *Belknap* (1891), 129 Ind. 558, 561; *Lewis* v. *Albertson* (1899), 23 Ind. App. 149; *Dugger* v. *Hicks* (1894), 11 Ind. App. 374.

The second paragraph of appellants' answer proceeded upon the theory that the board of trustees was without power to improve more than one block at a time, and averred that the improvement in question was eight blocks in length, and therefore void. The act of 1857 (Acts 1857, p. 73, §4000 Burns 1901) did not authorize street improvements to be made for a distance less than one block at a time, but section one of the Barrett law (Acts 1889, p. 237, §4288 Burns 1901) confers upon town boards discretion to authorize such improvements for a reasonable distance less than one block in length, while it does not purport to limit or restrict their authority to make improvements to a single block at a time, as argued by appellants' counsel. These statutes contemplate extended improvements when desired, and were designed to discourage and avoid piecework of less than one square's length, except in special cases approved by the governing body. The construction contended for by appellants would enhance the cost of such improvements, and be prejudicial to the interests of the abutters as well as of the public, and frequently mar the uniformity of the work and destroy its appearance and value. This answer was clearly bad.

The third paragraph of answer alleged that the board of trustees of the town had not adopted a general plan of improvement previous to causing the work under consideration to be done, and the assessment was, in consequence, illegal; the fourth, that at the time of ordering this work no plans and specifications thereof were in existence; the fifth, that such plans and specifications, in the absence of a declared emergency, should be published as a by-law, and denied such emergency and publication; the sixth denied any publication of a general plan for street improvements, and averred that no emergency for dispensing with such publication existed; the seventh alleged that no such office or officer as town engineer had ever existed in the town of Normal City; the eighth, that the office of town engineer could be created only by ordinance or resolution, which must be published in the absence of emergency, and denied any emergency and publication; the tenth, that the establishment of the grade of the street to be improved was a condition precedent to the making of any valid improvement, and denied the publication of any act fixing such grade, and denied any emergency therefor; the twelfth, that the grade of the street was changed after awarding the contract to the advantage of the contractor and to the injury of the public; the thirteenth, that appellees unlawfully changed the grade of the street; the fifteenth, that the salary of the town engineer was erroneously included in the cost of the improvement; the sixteenth, that in letting the contract the board reserved the control and disposal of all surplus earth within certain limitations, and reserved the right to change the street grade, and thereby caused uncertainty and enhanced the cost of the work.

We shall not discuss these paragraphs of answer severally, as some of them are manifestly insufficient in form and substance, and all of them, at best, set forth irregularities in the procedure not available as a defense in whole or in part,

when advanced collaterally against a complaint to enforce collection of the final assessment. *Lux & Talbott Stone Co.* v. *Donaldson* (1904), 162 Ind. 481; *Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452; *Deane* v. *Indiana Macadam, etc., Co., supra; Shank* v. *Smith* (1901), 157 Ind. 401, 55 L. R. A. 564; *Redden* v. *Town of Covington* (1867), 29 Ind. 118; *Willard* v. *Albertson* (1899), 23 Ind. App. 164; *Larned* v. *Maloney* (1898), 19 Ind. App. 199.

The ninth paragraph of answer alleged that no statement of the election of any member of the board of trustees of the town of Normal City, having charge of the improvement in question, was ever filed in the office of the clerk of the circuit court of the county.

In the case of *Low* v. *Dallas* (1905), 165 Ind. 392, we held that the provisions of §4331 Burns 1901, §3309 R. S. 1881, upon which this answer was founded, apply only to the first election held upon the incorporation of a town; and that such a defense constitutes a collateral attack and is not available. See, also, *Deane* v. *Indiana Macadam, etc., Co., supra; McEneney* v. *Town of Sullivan* (1890), 125 Ind. 407; *Mullikin* v. *City of Bloomington* (1880), 72 Ind. 161; *Redden* v. *Town of Covington, supra.*

The answer is also too indefinite and uncertain to show that the proceedings assailed were invalid under the provisions of the before-cited statute, since it is not made to appear ·when the town of Normal City was incorporated, nor when the trustees, whose acts are questioned, were elected. This pretended defense is further wholly without merit, inasmuch, as before the proceedings under consideration were undertaken the incorporation of Normal City, the election of its trustees and other officers, their official acts, and all ordinances and proceedings were validated by an act of the General Assembly. Acts 1899, p. 90.

The fourteenth answer averred that each member of the

board of trustees having the work in charge was during all the time, the owner of a lot abutting upon the improvement and assessed for the construction of the same. It is contended that the statute under which such improvements are constructed makes no provision for supplying the places of disqualified trustees, and does not afford a right of appeal from the final action of the board, and in consequence is unconstitutional and void.

In the absence of prohibitory legislation upon the subject, the question of interest or bias on the part of an officer charged with the performance of a particular duty is regarded as a private matter and of concern only to the parties to the proceeding; but, when constitutional or statutory provisions forbid such an officer from acting officially in matters affecting his own interests, his action in such cases is regarded as transgressing the public policy of the State. There is no statute in this State in terms disqualifying or prohibiting a member of the board of trustees of an incorporated town from acting in matters of this character on account of interest, and therefore his action in such instances is at most voidable only, and objections on account of interest must be made at the earliest opportunity, or they will be deemed waived. *Carr* v. *Duhme* (1906), 167 Ind. 76.

No objection, because of interest, appears from the record to have been raised until the filing of this paragraph of answer. So far as we are advised, appellants appear to have stood by with full knowledge of the disqualification of which they now complain, and suffered the work to go on and costs to accumulate until they reaped the full benefit of the improvement. The action of the board was not void, and upon the facts disclosed appellants are now estopped to avail themselves of any disqualification on the part of any member of the board of trustees. *Bradley* v. *City of Frankfort* (1885), 99 Ind. 417; *Carr* v. *Duhme, supra,* and cases cited. It follows also that appellants are in no position to challenge the constitutionality of the stat-

ute, and we are not required to pass upon that question, inasmuch as they must be held to have waived any objection to the alleged disqualification of members of the board.

The special finding of facts and conclusions of law are not set forth in any manner in the briefs, or urged upon our attention, and no further questions have been presented for consideration.

No error having been made to appear, the judgment is affirmed.