## DALY ET AL. *v.* HIGMAN.

[No. 6,376.  Filed March 9, 1909.]

1. PLEADING.— *Complaint.— Municipal Corporations.— Street Improvements.—Petitions.—Vote of Trustees.—Towns.—*A complaint alleging that a petition for the making of street improvements was filed with the town trustees, but failing to show that such petition was signed by the requisite number of qualified freeholders, is nevertheless sufficient, where it shows that two-thirds of the town trustees voted to construct the improvements. p. 357.

2. MUNICIPAL CORPORATIONS.—*Street Improvements.—Final Notice. —Collateral Attack.—*A collateral attack on a street assessment on the ground that no final notice was given, must fail, where some notice was given, which the town trustees held sufficient. p. 358.

From Delaware Circuit Court; *Joseph G. Leffler*, Judge.

Suit by George N. Higman against George A. Daly and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Frank Ellis*, for appellants.

*Horace G. Murphy, Edward M. White* and *William F. White*, for appellee.

HADLEY, J.—This is a suit by appellee against appellants to foreclose an assessment lien upon lots belonging to appellants in the town of Normal City, Indiana. Trial was had, a special finding made by the court, and conclusions of law stated thereon. All the questions, except one hereinafter stated, relating to the pleadings, are the same as those presented in the case of *Daly* v. *Gubbins* (1908), 170 Ind. 105, and upon the authority of that case they are decided against the appellant.

The one question referred to is that the complaint shows that the proceedings were instituted by petition, but it does not show that this petition was signed by the requisite number of qualified freeholders. It does show, however, that two-thirds of the board of trustees voted

to establish the improvement. This is sufficient without any petition. In *McEneney* v. *Town of Sullivan* (1890), 125 Ind. 407, this precise question was determined.

Appellants also contend that the special findings show that the final notice was insufficient and therefore the conclusions of law thereon were wrong. The special findings show that some notice was given, although it may not have been in strict compliance with the statute, but the board of trustees found it sufficient. This proceeding is a collateral attack on this adjudication. Our decisions have declared that under such circumstance such an attack will not be. sustained. *Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452; *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250; *DePuy* v. *City of Wabash* (1893), 133 Ind. 336; *Barber Asphalt Pav. Co.* v. *Edgerton* (1890), 125 Ind. 455. In the case last cited the court said: "Accordingly it has repeatedly been held by this court that where the statute required the filing of a petition as a condition precedent to the exercise of jurisdiction, or the giving of some particular notice, if a petition was filed, though defective, or some notice was given, though not a compliance with the statutory requirement, the proceeding is not void, and will be sufficient to withstand a collateral attack."

No reversible error being shown the judgment is affirmed.