## LEEDY ET AL. v. CAPITAL NATIONAL BANK.

[No. 5,046. Filed April 6, 1905.]

1. APPEAL AND ERROR.—*Evidence.*—*Weight of.*—The Appellate Court will not weigh conflicting evidence to determine on which side the preponderance lies. p. 248.

2. TRIAL.—*Special Findings.*—*Motions to Alter, Strike Out, and Make Additional.*—Motions to alter, strike out or make additional special findings are not recognized by the Indiana code, and such motions may be overruled, rejected or stricken out. p. 248.

3. APPEAL AND ERROR.—*Special Findings.*—*Contrary to Law.*—Errors assigned, that "the facts as found by the court are contrary to law" and "the facts as found by the court are not supported by sufficient evidence," present no question for review. p. 249.

4. TRIAL.—*Special Findings.*—*Exception.*—*When Taken.*—An exception, taken on March 12 to a special finding filed on February 23, is too late. p. 249.

5. APPEAL AND ERROR.—*Joint Assignment.*—*Several Exceptions.*—A joint assignment of errors presents no question where the exceptions taken at the trial are several. p. 250.

6. JUDGMENT.—*Motion to Modify.*—*When Made.*—A motion to modify a judgment is premature when the motion was filed on March 12 and the judgment was rendered on March 16. p. 250.

7. TRIAL.—*Judgment.*—*Special Findings.*—A motion to modify a judgment on account of excessive amount of recovery should be overruled where the special findings show such judgment to be smaller than the special findings warrant. p. 251.

From Wabash Circuit Court; *H. B. Shively,* Judge.

Action by the Capital National Bank of Indianapolis against Samuel J. Leedy and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*M. B. Cobb,* for appellants.
*Watkins & Morgan,* for appellee.

ROBINSON, P. J.—On September 7, 1900, the firm of Samuel J. Leedy & Co. was composed of Samuel J. Leedy and Jennie Purviance, and on that day the firm and John Leedy executed to James M. Key their promissory note for $300 due in sixty days, with interest, and payable at

the Commercial Bank, Matthews, Indiana. On October 8, 1900, Key assigned, by indorsement, in due course of business, and delivered to appellee, as a part of its collateral security for the payment of a loan of $1,000 made on that date by appellee to Key, this note, and such assignment and delivery were made in the due course of business and for a valuable consideration. The note is past due. The interest was paid to September 7, 1901, but no part of the principal has been paid. After the note was assigned to appellee, as collateral security, it has been held continuously by it ever since as such. The debt to appellee, secured in part by the note, has never been paid, nor has any part thereof, but remains due and unpaid in the sum of more than $1,000. Key is wholly insolvent. No interest on the note was paid directly to appellee, but the interest was paid by Samuel J. Leedy & Co. to Key. When such interest was paid Key did not have the note, and no inquiry was made by appellants, when the interest was paid, as to where the note was. Appellee made the indorsements of payments of interest at the request of Key. Upon the foregoing finding of facts the court stated conclusions of law in appellee's favor—that it should recover on the note a named sum, and should recover costs.

1. The first error assigned questions the action of the court in overruling appellants' motion for a new trial, and the only question argued is the sufficiency of the evidence. But there is evidence to sustain the court's findings, and, while it is conflicting upon some matters, we can not weigh it to determine where the preponderance lies.

2. Appellants made a motion to change one of the findings by striking out a part of it and also to find additional facts, which motion was overruled. The second error assigned is predicated upon this ruling. A motion to modify or change a special finding or to make additional findings is not recognized by the code, and it has been held that it is properly overruled, rejected or stricken out.

*Allen* v. *Hollingshead* (1900), 155 Ind. 178; *Windfall Nat. Gas, etc., Co.* v. *Terwilliger* (1899), 152 Ind. 364; *Sharp* v. *Malia* (1890), 124 Ind. 407; *Bunch* v. *Hart* (1894), 138 Ind. 1; *Tewksbury* v. *Howard* (1894), 138 Ind. 103; *Smith* v. *Barber* (1899), 153 Ind. 322.

3. The third and fourth errors assigned, that "the facts as found by the court are contrary to law," and "the facts as found by the court are not supported by sufficient evidence and are contrary to law," present nothing for review. Matters which are causes for a new trial can not be assigned as independent errors. *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552; *Hedrick* v. *Hall* (1900), 155 Ind. 371; *Lewis* v. *State* (1895), 142 Ind. 30; *Pfau* v. *State, ex rel.* (1897), 148 Ind. 539; *Hunt* v. *Listenberger* (1896), 14 Ind. App. 320.

4. It appears from the record that the case was tried at the September term, 1902. Afterwards, "at a regular term of" court, begun and held "on the second Monday and 12th day of January, 1903, * * * when, on the fifty-second judicial day of said term—the same being March 12, 1903 —the following proceedings were had, to wit: Capital National Bank v. S. J. Leedy *et al.* From Huntington county. Come now the parties by their respective attorneys, and the special findings of facts and conclusions of law thereon by the court, and heretofore filed herein February 23, 1903, are now produced in open court in the following words." This is followed by the finding of facts and conclusions of law. "And defendants now file motion to amend the finding of facts," which is followed by the motion. Immediately following this motion is, "Also filed exceptions to conclusion of law in these words: [Giving title of cause.] Come now the defendants, and severally and separately except to conclusion of law number one, as found by the court on the facts as found by the court and the evidence in said cause. And now come the defendants, and except severally to conclusion of law number two as found by the

court." It thus appears that the finding and conclusions of law thereon were filed February 23, 1903. It does not appear that any exception was taken that day, and that if an exception was taken at all it was on March 12, when written exceptions were filed. It has been held that an exception to the conclusions of law must be taken at the time the decision is made. *Hull* v. *Louth* (1887), 109 Ind. 315, 58 Am. Rep. 405, and cases cited; *Repp* v. *Lesher* (1901), 27 Ind. App. 360, and cases cited.

5. Moreover, if it could be said that the exceptions to the conclusions of law were taken in time, the question is not properly presented by any assignment of error. The court stated two conclusions of law. The appellants, who were the three defendants below, "severally and separately except to conclusion of law number one," and "except severally to conclusion of law number two." The appellants have assigned errors jointly, and the fifth error assigned is that "the court erred in its conclusions of law stated upon the special finding of facts." The words "separately and severally," in the exceptions to the conclusions of law, must be held to apply to the parties excepting, as but one ruling is questioned in each of the exceptions. The assignment of errors is joint, both as to the parties and the conclusions of law. The three defendants below each excepted to each conclusion of law. It is thus seen that the assignment of error does not question the ruling to which exception was taken. However, the conclusions of law upon the facts as found are right. It is clear that no other or different conclusions of law could have been stated upon the finding of facts.

6. The sixth assignment of error is that the court erred in overruling appellants' motion to modify the judgment. Among other proceedings purporting to have been had on March 12, 1903, the record shows appellants filed a motion to modify the judgment, as follows: "[Title of cause.] Come now defendants, and move the court to modify the

judgment heretofore rendered herein, for the reasons that the damages found against the defendants are excessive and for too large an amount. Wherefore they ask the court to modify the said judgment." The record shows the judgment was rendered March 16, 1903, and on the same day the motion to modify was overruled. It thus appears that the motion to modify the judgment was made before the judgment was rendered.

7. But even if properly on file, and if it states any sufficient. grounds—questions we do not decide—there was no error in overruling it. The conclusions of law state that appellant should recover in principal, interest and attorneys' fees the sum of $410, while the judgment seems to have been rendered for $400. While the judgment does not strictly follow the conclusions, yet appellants can not complain of the discrepancy, and, as against them, it sufficiently follows the conclusions of law as against a motion to modify.

Finding no reversible error in the record, the judgment is affirmed.