## LOW ET AL. *v.* DALLAS ET AL.

[No. 20,603.   Filed October 26, 1905.]

1. APPEAL AND ERROR.—*Briefs.*—*Signatures.*—Subscription of appellants' brief at the end of the "points and authorities" is not necessary where the "argument" is bound as a part of such brief and such argument is subscribed.   p. 394.

2. SAME.—*Briefs.*—*Points and Authorities.*—The fact that appellants' points and authorities contain some matters of fact is not a ground for the rejection of appellants' brief, where the points for determination are indicated therein.   p. 394.

3. PLEADING. — *Complaint.* — *Demand.*—*Liens.*—*Street Improvements.*—A demand, in an action for the foreclosure of a lien for street improvements, is sufficiently shown where the complaint shows "that more than ten days before the bringing of this suit the plaintiffs notified the defendants in writing of said assessment and the amount thereof, with interest, and where the same was payable." p. 394.

4. SAME.—*Complaint.*—*Liens.*—*Street Improvements.*—*Negativing Option to Pay by Instalments.*—*Answer.*—A complaint for the foreclosure of a lien for street improvements, showing that all legal notices were given to defendants and that the assessment was due, is sufficient, the option to pay by instalments being an affirmative defense which must be set up in the answer. p. 395.

5. SAME.—*Complaint.*—*Liens.*—*Street Improvements.*—*Municipal Records.*—The complaint in an action to foreclose a lien for street improvements need not allege that the orders and resolutions mentioned in the complaint were spread of record on the municipal corporation's books. p. 395.

6. MUNICIPAL CORPORATIONS. — *Elections.* — *Town Trustees.* — *Filing Certificates.*—*Statutes.*—Since the enactment of §4333 Burns 1901, §3311 R. S. 1881, the statute (§4331 Burns 1901, §3309 R. S. 1881), so far as it makes the filing of the certificates of election of the town trustees with the clerk of the circuit court a condition precedent to their right to pass valid ordinances, must be limited to the first election held in such town. *Dinwiddie* v. *Town of Rushville,* 37 Ind. 66, distinguished. p. 395.

7. PLEADING. — *Answer.* — *Indefiniteness.* — *Collateral Attack on Town Board Proceedings.*—An answer, attacking the authority of the town trustees, which fails to show when such town was incorporated; when such trustees were elected or appointed or by what authority they claimed to be acting, is bad for indefiniteness and for its being a collateral attack on the proceedings of the town board. p. 397.

8. STATUTES.—*Town Board Proceedings.*—*Validation.*—The irregular proceedings of a town board, validated by an act of the legislature before the bringing of suit, can not be impeached because of such irregularities. p. 397.

From Pulaski Circuit Court; *Truman F. Palmer,* Judge *pro tem.*

Suit by Charles Dallas and another against James E. Low and others. From a decree for plaintiffs, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Warren W. Borders* and *George Burson,* for appellants.
*Henry A. Steis,* for appellees.

Montgomery, J.—This suit was brought by appellees
to foreclose a statutory lien for street improvements made
by them as contractors in the town of Medaryville.

Appellees' counsel asks that appellants' brief be rejected,
because it is not signed at the conclusion of the statement of
points and authorities, but only at the close of the
argument, which is bound with the brief proper, and
for the further reason that the propositions stated
contain matters of fact rather than of law.

When the argument of counsel is bound with the required
parts of a brief, and the whole signed by counsel, as in this
case, the document is sufficiently authenticated to meet the
requirements of the rule, and no useful purpose would be
subserved by requiring an additional signature at the place
suggested.

The manner of stating propositions for the consideration
of this court must be left largely to the discretion and taste
of counsel. Rules have been made and furnished
for their guidance, and a failure to present questions
in accordance with such rules may prevent their
consideration; but in this case, the propositions stated indi-
cate with sufficient certainty the points in dispute, and the
objection to their form and substance is no ground for the
rejection of the brief.

The assignment of errors is predicated upon the over-
ruling of appellants' demurrer to the complaint, and the sus-
taining of appellees' demurrer to the second paragraph of
answer.

It will be unnecessary to set out the complaint at length,
as in form and substance it is like those heretofore held
sufficient. It is insisted that no demand prior to
bringing suit is alleged. The complaint avers "that
more than ten days before the bringing of this suit,
the plaintiffs notified said defendants in writing of said

assessment and the amount thereof, with interest, and where the same was payable." This is all that the statute requires, and is clearly sufficient. Acts 1901, pp. 363, 364, §3626a Burns 1901; *Ross* v. *VanNatta* (1905), 164 Ind. 557.

It is next urged that the complaint fails to show that appellants were given two weeks' time after the assessment was made within which to elect whether they would pay the same in instalments, or at once. The complaint shows that all notices required by law to make a valid assessment lien upon the property described were given, and proceeds upon the theory that appellants failed to exercise their option to pay such lien in instalments. From the averments of the complaint it appears that the assessment was due; and if appellants took the steps necessary to secure to themselves the right to pay the same in instalments, they should have alleged the facts by way of answer.

It is further suggested that it is nowhere alleged that the orders and resolutions mentioned were made a part of the records of the town of Medaryville. It is presumed that public officers do their duty, and it is unnecessary, in an action to foreclose a street assessment lien, to state in the complaint in minute detail every step in the proceedings creating the lien. The complaint was sufficient, and appellants' demurrer thereto for want of facts was correctly overruled.

Appellants' second paragraph of answer was as follows: "And for a second and further answer to the complaint the defendants say: The plaintiffs ought not to recover anything on the claim sued on, nor should the defendants be compelled to pay said claim or any part thereof, for the reason that such claim is invalid in this, to wit: That all the pretended proceedings of the town of Medaryville in ordering the improvement made, in entering into the alleged contract with plaintiffs herein, and in assessing the property of the defendants to pay for the same,

and all the pretended resolutions, orders and notices in that behalf made, issued and given, were not made or entered into by a board of trustees of the town of Medaryville, as alleged in the complaint, for the reason that the gentlemen who pretended to be the trustees of said town, and to pass such resolutions and ordinances, and give the notices and enter into the contract mentioned in the complaint, were not in truth and in fact the board of trustees of said town, and had no authority from any source to appear and act for said town in such capacity; and all their pretended acts in ordering the improvements made, as set out in the complaint, are null and void and of no effect, for the reasons: (1) That they nor either of them were elected to the office of said trustee; and (2) that no certificate of the election of either of them was ever filed in the office of the clerk of the circuit court of said county, as required by law."

It was held in the case of *Dinwiddie* v. *Town of Rushville* (1871), 37 Ind. 66, that the provisions of Acts 1859, p. 206, §16, substantially the same as those of §4331 Burns 1901, §3309 R. S. 1881, upon which it is asserted that this answer is based, requiring a certificate of the election of town trustees to be filed in the office of the clerk of the circuit court before any valid ordinance could be passed by them, applied not only to the first but to all subsequent elections of town trustees. The law governing the election of town trustees has been changed since that decision was rendered, and by the provisions of §4333 Burns 1901, §3311 R. S. 1881, at town elections held subsequent to the first, a part only of the trustees are to be chosen at any one election. If it be conceded that the interpretation of the statute in the case above mentioned was at the time correct, we are clear that since the enactment of §4333, *supra,* the provisions of §4331, *supra,* with regard to the question under consideration, must be limited to the first election held upon the incorporation of a town.

The answer does not disclose when the town of Medaryville was incorporated, nor when the trustees whose acts are challenged were elected or appointed, nor by what authority they claimed to be acting; and it is too indefinite and uncertain to show that the proceedings assailed were illegal by reason of the provisions of the above statute.

The answer was insufficient for the further reason that it was a collateral attack upon the proceedings of the town board, and the facts alleged are not available as a defense in this action. *Deane* v. *Indiana Macadam, etc., Co.* (1903), 161 Ind. 371, 377.

We may also observe that before the proceedings in question were initiated the incorporation of the town of Medaryville, the election of its officers, and all their official acts and ordinances, were duly validated by an act of the General Assembly. Acts 1901, p. 13. It is apparent that the answer is insufficient in substance and without merit.

The judgment is affirmed.