## SCHAEFER ET AL. *v.* HINES ET AL.

[No. 7,897. Filed October 10, 1913. Rehearing denied February 26, 1914. Transfer denied April 3, 1914.]

1.  MUNICIPAL CORPORATIONS.— *Public Improvements.—Foreclosure of Assessment Liens.— Complaint.—* Under §8714 Burns 1908, Acts 1905 p. 219, §109, relating to the foreclosure of liens of assessments on account of municipal public improvements, a complaint in such proceeding need not aver the publication of the preliminary resolution for the improvement out of which the assessment grew. p. 20.

2.  MUNICIPAL CORPORATIONS.— *Public Improvements.—Foreclosure of Assessment Liens.—Complaint.—*A complaint against the owner of property assessed for sewer construction, and another

claiming some interest in such property, to foreclose the lien of such assessment, alleging that plaintiff had given "fifteen days' notice in writing to said defendant, that unless said assessment was paid within fifteen days suit to foreclose * * * would be instituted", was insufficient to show a compliance with §8721 Burns 1908, Acts 1907 p. 550, §3, relative to the service of such notice, in that it fails to show that it was served upon the owner of the land covered by the assessment, or that such notice contained the matters required by the statute.   p. 20.

3.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Foreclosure of Assessment Liens.—Complaint.—Statutes.*—The part of §8714 Burns 1908, Acts 1905 p. 219, §109, relating to proceedings to foreclose municipal assessment liens, providing that "it shall not be necessary in any such foreclosure suit or suits to set forth or refer to the proceedings at length or specifically, but it shall be sufficient to state in such complaint the day on which the contract was finally let, the name of the street or highway improved, the amount and date of the assessment, that the assessment is unpaid, and a description of the property or lot upon which the assessment was levied", merely relates to the sufficiency of the statement of the proceedings leading up to the making of the assessment, and does not relieve plaintiff of the duty of alleging other matters essential to recovery; hence a complaint which failed to show a compliance with §8721 Burns 1908, Acts 1907 p. 550, §3, relative to notice before suit, was not sufficient.   p. 21.

4.  PLEADING.— *Complaint.— Allegations.— Performance of Conditions.*—A complaint for the recovery of money payable only upon the performance of a certain condition or upon the happening of a certain contingency, must show that the condition has been performed or that the contingency has happened.   p. 22.

5.  PLEADING.— *Complaint.— Defects Reached by Demurrer.— Action Prematurely Brought.*—If it appears upon the face of a complaint that the action was prematurely brought, the defect may be reached by demurrer; otherwise the objection must be raised by an answer in abatement.   p. 22.

6.  MUNICIPAL CORPORATIONS.— *Public Improvements.—Foreclosure of Assessment Liens.— Statutes.— Complaint.— Presumptions.* — Under §8721 Burns 1908, Acts 1907 p. 550, §3, requiring the service of fifteen days' notice on the owner of property affected by an assesssment for a municipal public improvement before the bringing of an action to foreclose the lien of such assessment, the giving of such notice is a condition precedent to the right to maintain the action, and, since plaintiff is supposed to state his case as strongly as the facts will warrant, the absence of allegations in the complaint showing the service of such notice in compliance with the statute creates the presumption that such notice

was not given, and the defect may be reached by demurrer. p. 22.

7.  APPEAL.—*Effect of Error.—Presumptions.*—An erroneous ruling is presumed to be prejudicial to the party against whom it is made unless the record affirmatively shows that it was harmless, so that the overruling of a demurrer to a complaint to foreclose a sewer assessment lien in which there was no showing of performance of the conditions precedent to the bringing of such action was reversible error, where the evidence showing a performance of such condition was not in the record.   p. 23.

8.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments. —Payment in Installments.*—Under §8718 Burns 1908, Acts 1905 p. 219, §113, providing the right to pay improvement assessments in installments upon the signing and filing of a waiver within thirty days after the allowance of the final estimate, there is no provision for extending the time of making an election to pay in installments in favor of those who file petitions to have their assessments reduced, so that one filing a petition for the reduction of his assessment can not pay in installments unless action is had upon his petition, and his election filed, within the thirty days provided.   p. 23.

9.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Reduction of Assessments.*—The report of the commissioners appointed by the court on petition of a dissatisfied property owner for the reduction of his assessment for a public improvement is final, and an order book entry thereof is not essential to make it effective.   p. 24.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by William R. Hines and another against Hannah Schaefer and another.   From a judgment for plaintiffs, the defendants appeal.   *Reversed.*

*Sumner Kenner* and *John V. Sees,* for appellants.
*Emmett O. King,* for appellees.

LAIRY, J.—This action was begun by appellees in the Huntington Circuit Court for the purpose of enforcing a lien of a sewer assessment against the lands of appellant Hannah Schaefer.   The complaint alleges that Martin B. Schaefer claims some interest in the land as the husband of Hannah Schaefer and he is made a party defendant to answer as to such interest.   There was a judgment foreclosing the lien as against both defendants.

The first two assignments of error call in question the

sufficiency of the complaint. The first objection urged
against the complaint is that it does not allege with
1.  sufficient certainty that the notice of the adoption of
the declaratory resolution providing for the proposed
improvement was published in accordance with the pro-
visions of the act.  Section 8714 Burns 1908, Acts 1905 p.
219, §109, contains the following provisions in reference to
suits to foreclose assessment liens created under the pro-
visions of our statute:  ''It shall not be necessary in any
such foreclosure suit or suits to set forth or refer to the
proceedings at length or specifically, but it shall be suffi-
cient to state in such complaint the day on which the con-
tract was finally let, the name of the street or highway
improved, the amount and date of the assessment, that the
assessment is unpaid, and a description of the property or
lot upon which the assessment was levied.''  The publica-
tion of the adoption of the preliminary resolution as pro-
vided by statute was one of the steps in the proceeding
leading up to the ordering of the improvement and the
making of the assessment.  The statute quoted relieves the
appellees from setting out these proceedings at length and
in detail in their complaint.  The same section of statute
further provides that in suits to foreclose, no defense shall
be allowed upon the ground of any irregularity in the pro-
ceedings making, ordering or directing such assessment.  It
thus appears that it was the intent of the legislature that ·
the collection of the assessment should not be defeated on
account of any defects or irregularities in the proceedings
leading up to it.  The complaint is not open to the objection
thus pointed out.

The only other objection made to the complaint is that
it fails to allege with sufficient certainty that personal writ-
ten notice had been served upon the owner of the
2.  property affected by the assessment fifteen days be-
fore the commencement of the suit to foreclose the
lien, in accordance with §8721 Burns 1908, Acts 1907 p.

550, §3.   The complaint alleges, ''that said plaintiffs have given fifteen days' notice in writing to said defendant, that unless this said assessment was paid within fifteen days, suit to foreclose this said assessment would be instituted.'' The complaint discloses that notice was served upon one of the defendants, but it does not designate which one. The statute requires that such notice shall be served upon the owner of the property affected by the assessment and that it should contain a description of the property covered by the lien, the amount of the lien and the name and address of the owner of the same.   §8721 Burns 1908, *supra.* The allegation of the complaint quoted fails to show a compliance with this section of the statute with reference to the giving of the notice.   It fails to show that it was served upon the appellant Hannah Schaefer, the owner of the land covered by the assessment, and it also fails to show that the contents of the written notice served were such as to conform to the terms of the statute.

On behalf of appellees, it is contended that §8714, *supra,* specifies all of the allegations necessary to constitute a sufficient complaint to foreclose an assessment lien; and that, as this section does not specify or require any allegation with reference to the notice under consideration, no such allegation is necessary.   We can not agree with counsel for appellees in this contention.   The portion of the section upon which counsel relies is quoted in full in a former part of this opinion.   The sentence quoted must be construed as a whole; and, when the latter part of this sentence, which specifies what allegations shall be sufficient. is construed in connection with the preceding part it becomes apparent that the meaning intended is, that the allegations mentioned shall be a sufficient statement of the proceedings leading up to the making of the assessment. It was the evident purpose of the legislature to relieve the appellees in such a suit from the necessity of setting out in detail in their complaint every step in the proceeding

leading up to the fixing of the assessment, but it was not the intention to relieve them of the duty of making any other allegations necessary to show a right of recovery.

Where a complaint seeks the recovery of money which is payable only upon the performance of a certain condition or upon the happening of a certain contingency, the 4. complaint must show that the condition has been performed or that the contingency has happened. *Washington Tp.* v. *Bonney* (1873), 45 Ind. 77; *Thompson* v. *Doty* (1880), 72 Ind. 336; *Baker* v. *Slater Mill, etc., Co.* (1884), 14 R. I. 531; *Tooker* v. *Arnoux* (1879), 76 N. Y. 397. It is true that a defect of this character only shows that plaintiffs' right of action was not mature at the time the complaint was filed. If an action is prematurely brought 5. and the fact does not appear on the face of the complaint, the complaint will be held sufficient and the facts showing that the action is prematurely begun must be called to the attention of the court by an answer in abatement; but, if the defect appears on the face of the complaint it may be reached by demurrer. *Middaugh* v. *Wilson* (1902), 30 Ind. App. 112, 65 N. E. 555; *Walter A. Wood, etc., Mach. Co.* v. *Caldwell* (1876), 54 Ind. 270, 23 Am. Rep. 641; *Norris* v. *Scott* (1892), 6 Ind. App. 18, 32 N. E. 103, 865.

It was the evident intention of the legislature to make the giving of this notice a condition precedent to the bringing of the suit to foreclose the lien. The appellees 6. are supposed to have stated the case as strongly in their favor as the facts would warrant. *Cannon* v. *Castleman* (1904), 162 Ind. 6, 69 N. E. 455; *Malott* v. *Sample* (1905), 164 Ind. 645, 74 N. E. 245. Appellees' failure to state in their complaint that a notice in the form specified by the statute was given as the act directs creates a presumption against them that no such notice was given. The defect is therefore apparent on the face of the complaint and can be reached by a demurrer. While not ex-

pressly deciding the question here presented, the Supreme Court has treated such an allegation as necessary to the sufficiency of the complaint to foreclose an assessment lien. *Low* v. *Dallas* (1905), 165 Ind. 392, 75 N. E. 822; *Ross* v. *VanNatta* (1905), 164 Ind. 557, 74 N. E. 10.

The evidence is not in the record and we have no means of knowing whether the notice as required by the statute was given to the owner of the land affected by the assessment. An erroneous ruling is presumed to be prejudicial to the party against whom it is made unless the record affirmatively shows that it was harmless. The court erred in overruling the demurrer to the complaint and for that reason the judgment must be reversed.

One other question is presented by the record which may possibly arise upon another trial of this case, and, for that reason, we should determine it on this appeal. Appellants assert that the court erred in sustaining the demurrer of appellees to the first paragraph of appellants' answer. In substance this answer avers that within ten days after the final assessment roll was approved by the common council of the city of Huntington, the appellant Hannah Schaefer filed her petition in the Huntington Circuit Court praying that the assessment against her lands be reduced as excessive; and, that the court appointed three disinterested appraisers who filed their report in said court on January 25, 1907, by which the assessment against the land was reduced from $514.75 to $350. This paragraph of answer further avers that the court did not enter judgment on this report until May 10, 1907, and, that within ten days thereafter appellant Hannah Schaefer presented to the city council and treasurer a copy of such assessment and its confirmation and offered to pay the amount in installments, but that the treasurer refused to permit her to sign the waiver, and refused to enter the installments of the assessments upon the tax duplicate. Upon these facts, appellant Hannah Schaefer contends that

she had a right to pay her assessment in installments and that no suit can be maintained to foreclose the lien for the full amount of the assessment.

Under the provisions of §8718 Burns 1908, Acts 1905 p. 219, §113, any person desiring to exercise the privilege of paying his assessment in installments is required to sign and file the written agreement specified in this section, and this must be done within thirty days after the allowance of the final estimate. The paragraph of answer under consideration does not show by any averment when the final estimate for the improvement was made or that the appellant Hannah Schaefer filed or offered to file the agreement within the time provided by statute. There is no provision of the statute extending the time for making the election to pay in installments in favor of those who may file petitions to have their assessments reduced. If, at the time the commissioners appointed by the court filed their report reducing the assessment against appellant Hannah Schaefer's property, thirty days had not elapsed after the final estimate, the appellant, without doubt, might have filed her election to pay such assessment in installments after such report and within such thirty days. The report of 9. the commissioners reducing the assessment is final and conclusive and the order book entry is not necessary to make it effective. *City of Indianapolis* v. *State, ex rel.* (1909), 172 Ind. 472, 88 N. E. 687. The demurrer to the first paragraph of appellants' answer was properly sustained.

The judgment is reversed with directions to sustain the demurrer to the complaint with leave to amend.

NOTE.—Reported in 102 N. E. 838. As to nature of proceedings to collect local improvement taxes, see 133 Am. St. 930. See, also, under (1) 28 Cyc. 1235; (2) 28 Cyc. 1234; (3) 28 Cyc. 1232; (4) 31 Cyc. 107; (5) 31 Cyc. 291; (6) 28 Cyc. 1237; (7) 3 Cyc. 386; (8) 28 Cyc. 1203; (9) 28 Cyc. 1178.