## HUNT v. HUNT.

[No. 9,809. Filed April 4, 1917.]

1. APPEAL. — *Briefs.* — *Sufficiency.* — *Points and Authorities.* — Where appellant, in the points and authorities in his brief, states general propositions of law without applying them to the particular errors assigned, the brief fails to comply with Rule 22 of the Supreme Court, requiring that appellant's brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points together with the authorities relied on in support of them. p. 204.

2. APPEAL.—*Presenting Questions for Review.—Briefs.—Ruling on Demurrer.—Failure to Set Out Demurrer.*—No question is presented for review on appeal by an assignment of error challenging the trial court's ruling on a demurrer, where appellant's brief fails to set out either the demurrer or the memorandum accompanying it. p. 205.

3. APPEAL.—*Presenting Questions for Review.—Briefs.—Overruling Motion for New Trial.*—Where appellants fail to refer to the ruling on the motion for a new trial in its points and authorities, no question is presented for review by an assignment of error challenging the ruling of the trial court on such motion. p. 205.

4. APPEAL.—*Presenting Questions for Review.—Briefs.—Overruling Motion in Arrest of Judgment.*—Where appellant's brief fails to set out the motion in arrest of judgment, the ruling thereon, or any exception or record entries relating thereto, error assigned in overruling such motion presents no question for review on appeal. p. 205.

5. APPEAL.—*Briefs.—Sufficiency.—Failure to Comply with Rules of Court.—Dismissal.*—Where appellant has failed to comply with the rules of court governing the preparation of briefs, no question is presented for review, and the appeal will be dismissed. p. 205.

From Starke Circuit Court; *W. C. Pentecost,* Judge.

Action by Kendall Hunt against Ionia Belle Hunt. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*Marvin E. Schrock* and *Joseph H. Lawler,* for appellant.

*Thomas J. Hurley* and *William J. Reed,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in an action for divorce brought by him against appellant. Appellee has filed a motion to dismiss the appeal, in which he assigns five grounds therefor, the fifth of which is to the effect that appellant's briefs so far fail to comply with the rules of the court that no question is presented by them. Our conclusion as to the sufficiency of this last ground makes it unnecessary to indicate or further refer to the other grounds.

Under the heading "Errors Relied upon for Reversal of Judgment," appellant sets out ten assigned errors, some of which might be proper as grounds of a motion for new trial, but neither of which, save the third, sixth and ninth, is proper as an independent assignment of error. *Walters* v. *Walters* (1906), 168 Ind. 45, 48, 79 N. E. 1037; *State, ex rel.* v. *Davisson* (1910), 174 Ind. 705, 93 N. E. 6; *Bradford* v. *Wegg* (1913), 56 Ind. App. 39, 40, 102 N. E. 845; *Perry* v. *State, ex rel.* (1916), 63 Ind. App. 653, 115 N. E. 59; *Crawford* v. *State* (1900), 155 Ind. 692, 57 N. E. 931; *Migatz* v. *Stieglitz* (1905), 166 Ind. 361, 364, 77 N. E. 400; *M. Rumely Company* v. *Major* (1916), 64 Ind. App. 41, 115 N. E. 337; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 359, 108 N. E. 525, and cases cited; *Leedy* v. *Capital Nat. Bank* (1904), 35 Ind. App. 247, 73 N. E. 1000; *Seisler* v. *Smith* (1897), 150 Ind. 88, 90, 46 N. E. 993; *Clayton* v. *Blough* (1884), 93 Ind. 85, 95.

Under his points and authorities, appellant states sixteen general propositions with no attempt to apply any of them to either of the particular errors assigned, except as hereinafter indicated. This is not a compliance with Rule 22 of the Supreme Court and of this court. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 460, 78 N. E. 1033; *Michael* v. *State* (1912), 178 Ind. 676, 677, 678, 99 N.

E. 788.    So far as the brief discloses, said propositions may be intended to be addressed to some one or more of the seven assigned errors which present no question. If, however, we should attempt to apply them to the remaining errors which are properly assigned as such, the briefs are still insufficient.

The third assigned error challenges the ruling on the demurrer to the "second amended complaint," but the brief neither sets out such demurrer nor the memorandum accompanying it; and hence no question is presented by this alleged erroneous ruling.

The sixth assigned error challenges the action of the trial court in overruling the motion for new trial. This motion contains four grounds, most of which are themselves insufficient to present any question. Neither the ruling on said motion nor any ruling of the trial court attempted to be presented by either of said grounds of said motion is referred to in said points and authorities.    It follows that no question is presented by this alleged ruling.

The ninth assigned error challenges the action of the trial court in overruling a motion in arrest of judgment, and appellant's last proposition of law is addressed to such ruling, but neither such motion, the ruling thereon, nor any exception thereto is anywhere set out in said brief; nor does such brief indicate, by reference to the record or in any other way, any record entry showing such a motion or any ruling thereon.

On account of her failure in the respects indicated to comply with the rules of the court in the preparation of her briefs, appellant, by her appeal, has presented no question to this court for its determination, and hence a dismissal of the appeal is authorized.    We might add, however, that we have ex-

amined the record, and carefully read the evidence in the case, and are convinced that a disposition of the appeal on its merits would require an affirmance of the judgment below.

For the reasons indicated, the appeal is dismissed.

NOTE.—Reported in 115 N. E. 696.