## CRUME v. BRIGHTWELL.

[No. 9,698. Filed February 18, 1919.]

1. APPEAL.—*Briefs.*—*Waiver of Error.*—Error assigned on the overruling of a demurrer to the complaint is waived by appellant's failure to set out in his brief the substance of the demurrer, or the memorandum filed therewith. p. 406.

2. BILLS AND NOTES.—*Place of Execution.*—*Presumption.*—In an action on notes dated at a city in another state, it will be presumed, in the absence of an allegation to the contrary, that the notes were executed in that state. p. 407.

3. BILLS AND NOTES.—*Note Payable in Another State.*—*Negotiability.*—*What Law Governs.*—Where notes are payable in another state, their negotiability must be determined by the laws of that state. p. 407.

4. EVIDENCE.—*Judicial Notice.*—*Foreign Statutes.*—*Presumption.*—*Pleading and Proof.*—The courts of Indiana cannot take judicial notice of the statutory laws of another state, and parties desiring to assert any rights thereunder must plead and prove such laws, since where that is not done the presumption is that the common law prevails in the foreign state. p. 407.

5. BILLS AND NOTES.—*Note Payable in Another State.*—*Negotiability.*—*Presumption.*—In an action on promissory notes payable in another state, where the complaint is silent as to any law relating to the negotiability of promissory notes in that state, it will be presumed that the law merchant, unmodified by statute, prevails. p. 408.

6. BILLS AND NOTES.—*Note Payable in Another State.*—*Negotiability.*—Under the law merchant, unmodified by statute, promissory notes are nonnegotiable. p. 408.

7. BILLS AND NOTES.—*Promissory Note.—Action.—Answer of Want of Consideration.—Sufficiency.*—In an indorsee's action on nonnegotiable promissory notes, an answer averring that the contracts sued on were executed and given without any consideration whatever is sufficient, as against demurrer, as a plea of want of consideration. p. 408.

8. PLEADING.—*Complaint.—Allegations.—Performance of Conditions.*—Where suit is brought to recover money payable on the happening of a certain contingency, the complaint must show that the contingency has happened. p. 410.

9. PLEADING.—*Matter in Abatement.—Performance of Conditions.*— Where suit is brought to recover money payable on a contingency, but such fact is not disclosed by the complaint, and the contingency has not happened, the facts must be set up by way of answer in order to be available, and would constitute matter in abatement. p. 410.

10. PLEADING.—*Matter in Abatement.—Waiver.*—In an action on notes, matter in abatement that the contingency on which the notes were payable had not happened was waived where pleaded along with matter in bar. p. 410.

11. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.*— Error, if any, in sustaining a demurrer to a paragraph of answer is harmless, where all the evidence admissible thereunder was admissible under another paragraph. p. 411.

12. PLEDGES.—*Collateral Security.—Collection.—Diligence Required of Pledgee.*—The holder of collateral security is answerable for reasonable, but not extraordinary, diligence in its collection. p. 411.

13. PLEDGES.—*Defenses.—Collateral Security.—Collection. — Want of Diligence.*—In an action on notes, an answer setting up the loss of collateral security delivered with the notes, but not alleging that there has been a failure on the part of the holders to use reasonable diligence to collect the collateral, is insufficient as against demurrer. p. 411.

14. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.*— Where, in an action on notes, plaintiff filed a reply in general denial to a plea of payment, evidence to show loss of collateral delivered with the notes is admissible under such pleadings, so that error, if any, in sustaining a demurrer to an answer setting up facts to show such loss was harmless. p. 412.

From Marion Circuit Court (99,107); *Vincent G. Clifford,* Judge.

Action by William T. Brightwell against James M.

Crume. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Ward H. Watson, James E. Watson* and *Sol H. Esarey,* for appellant.

*Pickens, Cox & Conder,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant, based on two promissory notes which are substantially the same, except as to the name of the payee. One of said notes is in part as follows:

> "$1,000.00    Atlanta Ga. February 2, 1912.
> "Six months after date, for value received, we promise to pay to E. M. Jones or order, at the office of the Fourth National Bank of Atlanta, in Atlanta, Ga. One thousand and no/100 dollars, in gold coin of the United States, with interest after maturity at eight per cent. per annum, and all cost of collection, including ten per cent. as attorney's fees."

The other note to this point is the same, except that J. W. Griffin is named as the payee therein. Both notes contain other provisions relating to collateral security therefor, which are not material to the questions determined.

The complaint consists of two paragraphs. Each paragraph, after alleging the execution of the note on which it is based, its date, maturity, and place of payment, alleges that prior to its maturity, the payee therein for a valuable consideration, assigned said note to appellee by indorsement in writing. Appellant filed a demurrer to each of said paragraphs of complaint, which was overruled. He

then filed an answer in seven paragraphs. Appellee filed a demurrer to each paragraph of said answer, except the first and second, which demurrer was sustained. The first paragraph of answer is a general denial, and the second paragraph is a plea of payment, to which appellee filed an answer in general denial. On the issues thus formed the cause was submitted to the court for trial, resulting in a judgment in favor of appellee. From this judgment appellant has appealed, and has assigned the action of the court in overruling his demurrer to the complaint, and in sustaining appellee's demurrer to each of said paragraphs of answer, as the errors on which he relies for reversal. The first of said assigned errors has been waived by appellant's failure to set out in his brief the substance of his demurrer to the complaint, or of the memorandum filed therewith. *Hunt* v. *Hunt* (1917), 64 Ind. App. 203, 115 N. E. 696.

As preliminary to a consideration of the sufficiency of the paragraphs of answer to which a demurrer was sustained, we must determine whether the notes in suit are negotiable. It will be observed that both of said notes are dated at Atlanta, Georgia. As there is no allegation to the contrary, it will be presumed that said notes were executed in that state. 8 C. J. 106, 1002. It will further be observed that both of said notes were payable within the state where they were executed. It is therefore clear that their negotiability must be determined by the law of that state. *Bombolaski* v. *First Nat. Bank* (1913), 55 Ind. App. 172, 101 N. E. 837, 103 N. E. 422. It is well settled that the courts of this state cannot take judicial notice of the statutory laws of other

states, but parties desiring to assert any rights thereunder must plead and prove the same. *Standard Forgings Co.* v. *Holmstrom* (1915), 58 Ind. App. 306, 104 N. E. 872. Where this is not done, the presumption is that the common law prevails in such state, and the courts of this state, in proper actions, will give effect thereto. *Krouse* v. *Krouse* (1911), 48 Ind. App. 3, 95 N. E. 262.

In harmony with this rule it has been held that the customary law merchant is *prima facie* the law of a foreign state, and will be applied in determining whether an instrument, governed by the laws of that state, is negotiable, unless a statute modifying the same is alleged in the complaint. 7 Cyc 633; *Midland Steel Co.* v. *Citizens Nat. Bank* (1901), 26 Ind. App. 71, 59 N. E. 211. In the instant case the complaint is silent as to any law relating to the negotiability of promissory notes in the State of Georgia, and hence we must assume that the law merchant, unaffected by any statute, prevails in that state. Under that law promissory notes are nonnegotiable. 7 Cyc 533; 8 C. J. 45, 54; *Patterson* v. *Carrell* (1877), 60 Ind. 128; *Lindeman* v. *Rosenfield* (1879), 67 Ind. 246, 33 Am. Rep. 79; *Midland Steel Co.* v. *Citizens Nat. Bank, supra; Gates* v. *Fauvre* (1918), (Ind. App.) 119 N. E. 155. This is decisive against the negotiability of the notes in suit.

Having reached the conclusion stated, we now proceed to determine the sufficiency of the several paragraphs of answer to which a demurrer was sustained. The third paragraph alleges that the contracts sued on were executed and given without any consideration whatever. This averment

makes said paragraph of answer sufficient as a plea of want of consideration, and hence the sustaining of a demurrer thereto was reversible error. *Fisher* v. *Fisher* (1888), 113 Ind. 474, 15 N. E. 832.

The fourth paragraph of answer alleges that appellant, the payee in said notes, and certain other persons were interested in the promotion of a certain corporation; that the promotion of said corporation had progressed to a certain point, and that certain of said parties, not including appellant, had certain funds belonging thereto; that said funds were deposited by said persons in a bank in which they were officers; that through certain misfortunes said bank collapsed and became insolvent, and the said persons lost therein all of the funds so deposited by them belonging to said persons promoting said corporation; that it was feared that said parties would be prosecuted for alleged crimes connected with the insolvency of said bank, and thereupon said persons, including the payees in the notes sued upon, proposed that if appellant, together with others, would pay to them out of the profits of the said corporation, when completed, a certain sum they, the payees, together with others, would resign from their position in respect to the proposed corporation, and would permit the promotion of the corporation to be proceeded with by appellant and others, without the burden of their connection therewith; that in pursuance to said proposal, appellant, together with others associated with him, executed to said payees the said notes in suit; that he, together with his other associates, worked faithfully for the promotion of said corporation, and were partially successful; that from the profits thereof, they made certain payments on said notes, but shortly

thereafter, said corporation failed, and their profits were entirely extinguished; that by virtue of the terms of said agreement the consideration of said notes has wholly failed, and there is nothing due said payees or appellee thereon.

The theory of this paragraph of answer appears to be that the notes in suit were to be paid out of the profits of the corporation mentioned in the agreement, and since there were no profits realized therefrom, there was no liability for the payment of the notes. It is well settled that where money is payable on the happening of a certain contingency, and a suit is brought to recover the same, the complaint must show that the contingency has happened. *Schaefer* v. *Hines* (1914), 56 Ind. App. 17, 102 N. E. 838. It is equally true that where money is so payable, but such fact is not disclosed by the complaint, and the contingency has not happened, such facts must be set up by way of answer in order to be available. If the contingency has not happened when the action is begun, such fact does not defeat the action, but only renders its bringing premature, and would constitute matter in abatement. *Schaefer* v. *Hines, supra*. It will be observed that it is alleged in the answer under consideration, in effect, that the notes in suit were to be paid out of the profits of the corporation when completed. This constituted a contingency on which said notes were to be paid. It is then alleged that this contingency had not happened. This was clearly matter in abatement, but it is waived by being pleaded along with the matter in bar. *Smith* v. *Pedigo* (1896), 145 Ind. 361, 33 N. E. 777, 44 N. E. 363, 19 L. R. A. 433, 32 L. R. A. 838. Eliminating

these allegations from our consideration, as we must under the rules stated, the fourth paragraph of answer is clearly insufficient. It does not allege that said payees, or either of them, failed to do anything which said agreement imposed upon them, or did, or omitted to do, anything which would work a failure of consideration. We conclude the court did not err in sustaining a demurrer thereto.

The fifth paragraph of answer is in effect a plea of payment, in which the specific manner of payment is alleged. As the second paragraph of answer on which issue was joined is an answer of payment in general terms, all evidence admissible under said fifth paragraph was also admissible under said second paragraph, and hence any error in sustaining a demurrer to the former was harmless. *Boxell* v. *Bright Nat. Bank* (1916), 184 Ind. 631, 112 N. E. 3

The sixth paragraph of answer alleges that large amounts of collateral security were placed with the payees of said notes, and with their assignee, which were worth much more than the aggregate amount thereof; that said payees and appellee have lost the same, and have failed to account therefor to appellant, and that by reason of such fact he has wholly lost the same. It has been held that the holder of collateral security is answerable for reasonable, but not extraordinary, diligence in its collection, and that a want of such diligence may be set up as a defense in an action on a note for which such security is given. *Reeves* v. *Plough* (1872), 41 Ind. 204; *Lindley* v. *Sullivan* (1893), 133 Ind. 588, 32 N. E. 738, 33 N. E. 361. The paragraph of answer under consideration does not allege any special duty on the part of the holders of such

collateral security with reference to its collection, nor does it allege that there had been any failure on their part to use reasonable diligence to collect the same. It is therefore insufficient, and the court did not err in sustaining the demurrer thereto.

However, if it could be said that said paragraph of answer alleges facts which show such want of diligence in the collection of such collaterals, or any other facts, which rendered appellee chargeable therewith, all evidence to sustain the same would have been admissible under the plea of payment to which appellee filed a reply in general denial. *Reeves* v. *Plough* (1874), 46 Ind. 350. In such event any error in sustaining a demurrer to said paragraph of answer would have been harmless. *Fender* v. *Phillips* (1915), 59 Ind. App. 85, 108 N. E. 971. Said paragraph was filed as an answer, but if it be considered as a counterclaim, as appellee contends, it would be insufficient as such, for the reasons stated above.

The seventh paragraph of answer alleges that the notes in suit constitute a part of a contract entered into by and between appellant, one W. W. Crume, the payees in said notes, and certain others associated with them. It then alleges the terms of said contract, the obligations imposed thereby, and the result of the enterprise mentioned therein, which are substantially the same as appear in the fourth paragraph of said answer hereinbefore considered. For the reasons stated in determining the sufficiency of said fourth paragraph of answer, we conclude that the court did not err in sustaining a demurrer to the paragraph of answer under consideration.

The judgment is reversed with instructions to overrule appellee's demurrer to said third paragraph of

answer, and to grant the parties leave to amend their respective pleadings, if they so desire, and for such further proceedings as are not inconsistent with this opinion.