ARNOLD ET AL. *v.* STATE OF INDIANA, EX REL. DAVIS.

[No. 23,527.   Filed April 17, 1919.]

1. MANDAMUS.— *Office.*— *Possession.*— Mandamus is the proper remedy to obtain possession of an office from a person wrongfully holding over where the facts show that the plaintiff has been legally elected to, and has qualified for, the office.  p. 224.

2. ELECTIONS.—*Tie Vote.*—*Casting Lots.*—Section 15 of Acts 1905 p. 219, §8989 Burns 1914, which provides that, in case of a tie vote for candidates for office in town elections, the inspectors shall determine by lot which of them shall be de-

Arnold v. State, ex rel.—188 Ind. 222.

clared elected, applies to all town elections and not only to the first election following incorporation, in view of §14 and the acts of 1909 and 1911 amending the act of 1905, and there being nothing in the history of the legislation to indicate a different construction.  p. 227.

From Vanderburg Circuit Court; *F. M. Hostetter*, Judge.

Mandamus by the State of Indiana, on the relation of Elijah Davis, against James R. Arnold, and others. From a judgment for the relator, the defendant appeals. *Affirmed.*

*John B. Bilderback, David Corn* and *Harvey Harmon*, for appellants.

*Charles O. Baltzell* and *Robert C. Baltzell*, for appellee.

LAIRY, J.—This is an appeal from a judgment in favor of appellee in a mandamus proceeding brought to compel appellants to recognize relator as the trustee from the second ward of the town of Oakland City, and to permit him to discharge the duties of that office to which he claims to be legally elected.

The material facts disclosed by the record show that Oakland City is a town in Gibson county having five wards and five town trustees. On November 2, 1915, a general election for municipal purposes was held in Oakland City, at which relator was a candidate for the office of town trustee from the second ward against Walter Turner and William Stewart. The election resulted in a tie vote between relator and Turner, they having received a greater number of votes than Stewart. November 3, 1915, the vote of the two precincts into which the town was divided was canvassed by the election commissioners consisting of the town clerk, Cora Mahall, and Carl Powers and John J. Wallace. After canvassing the vote the result, showing the tie vote between relator and Turner, was certified to the town clerk, who

certified the same to the board of trustees of the town, which board, at a reguler meeting, declared by a resolution that no person had been elected as trustee for the second ward. Afterward, on December 20, 1915, the election inspectors met in the presence of the two candidates having the equal number of votes and determined by lot that relator was elected, and so declared, and on the following day a certificate of election was delivered to him, which was filed in the office of the town clerk. On December 25, 1915, relator qualified by taking the oath of office, and on the first Monday in January, 1916, presented himself and demanded the right to perform the duties pertaining to the office of trustee from the second ward of said town. Appellant Arnold, who was trustee of said town from the second ward for the term immediately preceding the term for which relator was declared elected as aforesaid, claimed the right to hold over. The other two appellants, Robert P. Smith and Edward Burkhart, were trustees of said town, as were also Fred Schentrup and Harlan Kays; and when the relator attempted to assume the duties of his office he was prevented from doing so by appellants over the protest of the other two members of the board of trustees.

The facts stated are sufficient for an understanding of the questions involved. The trial court overruled a demurrer addressed to the complaint by appellants, to which ruling an exception was reserved. On request the court found the facts specially and pronounced its conclusions of law thereon in favor of appellee. Exceptions were reserved to the conclusions of law. The questions thus reserved are assigned as error.

Appellants assert that mandamus is not the proper remedy under the facts disclosed, but that question has been decided adversely to appellants by this court.

1. *Couch* v. *State, ex rel.* (1907), 169 Ind. 269, 82 N. E. 457, 124 Am. St. 221.

The principal point in dispute arises out of the construction to be placed on §8989 Burns 1914, being §15 of an act concerning municipal corporations, Acts 1905 p. 219. Appellants contend that the provision in that section for determining a tie vote by the casting of lots applies only to the first election held after the incorporation of a town, and that it has no application to subsequent town elections. To sustain this position the attention of the court is called to the last provision of that section, which requires that the inspectors make out a certificate showing the persons elected, and file the same with the clerk of the circuit court of the county within ten days after such election, and providing that no act or ordinance of the board of trustees chosen at such election should be valid until the act was complied with in this respect, and also calls attention to two decisions by this court holding that such provision applied only to the first election held pursuant to the incorporation of a town, and not to subsequent town elections. *Low* v. *Dallas* (1905), 165 Ind. 392, 75 N. E. 822; *Daly* v. *Gubbins* (1907), 170 Ind. 105, 82 N. E. 659.

The statutes on the subject are somewhat confused and conflicting, and their meaning is not altogether clear; but, after a consideration of the cases cited and an examination of the previous legislation on the subject the court is of the opinion that the provision for deciding a tie vote by the casting of lots embodied in §15, *supra,* of the act applies to all town elections. 1 R. S. 1852 p. 482; Acts 1873 p. 218, amending §§16, 17, Acts 1852, *supra.*

An examination of the act of 1852, *supra,* cited shows that the eleventh section provides for the holding of the first election of municipal officers after the incorporation of a town; §12 provides for subsequent elections of town officers to be held annually on the first

Monday of May; §13 provides the time during which the polls shall be kept open at all town elections; §14 provides for inspectors at the first election and for receiving and canvassing the votes; and §15 provides what officers shall be elected at the first election and at all subsequent elections. Section 16 of that act is as follows: "The persons having the greatest number of votes shall be declared elected as such trustees, and the persons who receive the greatest number of votes respectively for clerk, marshal, assessor, and treasurer, as designated by the ballot for such office, shall be declared so elected; and if two or more shall have an equal and highest number of votes, and there be no choice, the inspectors of such election shall forthwith determine by lot which shall be deemed elected, and it shall be the further duty of such inspectors to make a certified statement over their own signatures, of the persons elected to fill the several offices in said town, and file the same with the clerk of the circuit court, in the county thereof within ten days from the day of such election, and no act or ordinance of any board of trustees chosen at such election shall be valid until the provisions of this section are substantially complied with."

When considered in connection with the other sections of the act to which reference is made, it is clear that the section quoted applied not only to the first election after the incorporation of a town, but to all subsequent elections as well. Under that act an entire new board of town trustees was elected each year; and, so long as that condition continued unchanged, this court held that the entire section, including the latter part with reference to the filing of the certificate of the inspectors with the county clerk, applied to all town elections. Dinwiddie v. Town of Rushville (1871), 37 Ind. 66; Pratt v. Luther (1873), 45 Ind. 250.

In 1881 an act was passed changing the terms for

which trustees were elected so that the terms of all of the trustees of a town could not expire at the same time. This act also provided that in  case of a tie vote the inspector should determine who was elected as then provided by law, which was by casting lots.   Acts 1881 p. 708, §3311 R. S. 1881.   After this act was passed, the cases of *Low* v. *Dallas, supra,* and *Daly* v. *Gubbins, supra,* were decided, in which it was held that the change in the election of town trustees as made by the act of 1881, *supra,* required that the application of the latter part of the section with reference to the filing of the certificate of election be modified so as to apply to the first election held upon the incorporation of a town. The decision in those cases apply only to the latter provision of the section, and only to elections held subsequently to the taking effect of the act of 1881, *supra.* The cases of *Dinwiddie* v. *Town of Rushville, supra,* and *Pratt* v. *Luther, supra,* were not overruled or discredited. The decision in the later cases did not in any way refer to or affect the provision of the section with reference to deciding who should be deemed elected in case of a tie vote.

The statutes to which reference has been made stood without substantial change until 1905.   §§4327-4333 Burns 1901.  Section 16 of the act of 1852, *supra,* has been carried forward in all subsequent legislation on the subject, and was embodied without substantial change as §15 of the act of 1905 concerning municipal corporations.   Acts 1905 p. 219, *supra.*   While other sections of the act of 1905 have been amended, §15 is still the law.

An examination of §14 of the act of 1905, *supra,* clearly shows that it applies to all town elections, and the subsequent enactments of 1909 and 1911

2.   alike indicate that they are applicable to all town elections.   Acts 1909 p. 359; Acts 1911 p. 71.

There is nothing in the history of this legislation or in the present act to indicate that the provision with reference to deciding by lot between rival candidates in case of a tie vote does not apply to all town elections.

The trial court did not err in the construction placed on the statute. Appellants' demurrer was properly overruled, and the conclusions of law announced by the court are correct. Judgment affirmed.

NOTE.—Reported in 122 N. E. 769. Mandamus against public officers, 98 Am. St. 863.