STATE OF INDIANA, EX REL. SMITH *v.* THOMAS.

[No. 23,470.   Filed March 10, 1921.]

ELECTIONS.—*Title to Office.—Tie Vote.—Casting Lots.—Statute.*
—In case of a tie vote for candidates for an office in a town election, the right of the office shall be determined by casting lots, though the town has long been incorporated, and its full complement of officers are serving, and the candidate in whose favor the lot is cast is entitled to the office, the rule as to the casting of lots not being restricted to the first election.

From Marion Superior Court (A1,779); *W. W. Thornton,* Judge.

Action by the State of Indiana on the relation of Robert A. Smith, against Ross G. Thomas. From a judgment for defendant, the relator appeals. *Reversed.*

*William W. Lowry,* for appellant.

*Carl H. Weyl* and *John F. Robbins,* for appellee.

EWBANK, J.—The relator and the appellee, and another, were rival candidates for the office of clerk-treasurer of the town of Woodruff Place, at the town election in November, 1917. The relator and appellee each received an equal number of votes, receiving two votes apiece more than the third candidate. The inspector of the one precinct in Woodruff Place cast lots as between the relator and appellee, and declared that the relator was elected. But the appellee, whose former term as clerk-treasurer of the town was expiring, refused to surrender the office, insisting that there had been no election of his successor, and that he was entitled to continue in office until a clerk-treasurer should be chosen at a special election. The superior court sustained a demurrer to the complaint by the relator, alleging such facts, and, upon his refusal to plead over, rendered final judgment in favor of the appellee, from which this appeal was taken.

The only question for decision is whether, in case of a tie vote at a town election, the right to the office shall be determined by casting lots, where the town has long been incorporated, and its full complement of officers are serving, as well as at the first election, and whether the candidate in whose favor the lot is cast in such a case is entitled to the office.

This precise question was decided by this court in the recent case of *Arnold* v. *State, ex rel.* (1919), 188 Ind. 222, 122 N. E. 769, and on the authority of that decision the judgment is reversed, with directions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with the opinion in said case.