COLUMBIA CONSERVE COMPANY, INC., ET AL. *v.* WATSON.

[No. 27,664. Filed February 25, 1942.]

*Formen D. McCurdy, Frank C. Olive* and *Bruce H. Johnson,* all of Indianapolis, for appellants.

*Arthur J. Jones, Jesse Gammon, Hartman & McManamon,* all of Indianapolis, and *Cloe, Campbell & Cloe,* of Noblesville, for appellee.

SHAKE, C. J.—The appellant Columbia Conserve Company, Inc. is an Indiana corporation engaged in the canning business. In 1917 the salaried employees of the company formed an organization which they called a "council." The members of the council, including the appellee, the company, and a majority of its common stockholders entered into a written agreement in 1925 which, as amended in 1926, was as follows:

"Beginning in 1925, the net profits of the Company shall belong to the salaried employees after cumulative dividends at the rate of 10% per annum have been paid on the common stock of said Com-

pany, and a 10% bonus paid on salaries and also proper and fair reserves set aside for depreciation and taxes. After the above charges have been deducted from the net profits 1/10 of said remaining sum is to be set aside as a pension fund to be created and controlled by the Council of said The Columbia Conserve Company. All remaining net earnings shall be used by the salaried employees to buy the available outstanding common stock of The Columbia Conserve Company at $150.00 per share. The dividends accruing on the common stock so purchased by the salaried employees must be used toward the purchase of the remaining common stock at the above price, and this process shall be continued until all of the above mentioned common stock has been acquired by the salaried employees.

"All stock acquired by the employees shall be held in trust by three Trustees to be elected by the members of the Council qualified to vote thereon as provided in the minutes of the Council, January 5, 1926, for the benefit of the salaried employees. The income on this stock itself shall be under the complete direction and control of the said qualified members of the Council. After stock has been purchased under this proposal at the price of $150.00 per share, any salaried employee leaving the employ of the Company, or being discharged therefrom, and holding stock in said Company at the time of severing his connection, shall be paid for the stock owned by him at the rate of $150.00 per share. Any owner of common stock shall have the right at any time to exchange his common stock, dollar for dollar, for the preferred stock of The Columbia Conserve Company, calling for dividends at the rate of 7% per annum (cumulative).

"Should it become necessary at any time to issue more preferred stock for the financing of said Company, the holders of the common stock agree to consent to such stock issue. The proposal may be withdrawn should it become necessary because of financial difficulties of the Company to sell the

business before the salaried employees have acquired 51% of the outstanding common stock.

"This proposal cancels all previous agreements or undertakings between stockholders and salaried employees."

The council elected three trustees who, with funds received pursuant to the contract, acquired by purchase from the common stockholders at $150.00 per share 1,369.78 shares or 63% of the outstanding stock of the company. The appellee continued as a salaried employee and member of the council until 1933 when he was discharged. At that time the company had 84 salaried employees who were members of the council and parties to the foregoing agreement.

After his discharge the appellee brought this action against the company, the trustees, and members of the council. The complaint proceeded upon the theory that by virtue of the foregoing contract the appellee was the owner of 1/84 or 16.3093 shares of the common stock of the company held by the trustees, which the appellants were obligated to purchase from him at $150.00 per share. He alleged a demand and asked for damages for breach of the contract in the sum of $2,460.00 with interest.

The court made a special finding of facts and concluded that the law was with the appellee and that he was entitled to recover $2,446.395 from all the appellants. The only assignment here is that the trial court erred in its conclusions of law.

The pertinent facts found by the court are stated above. In a number of other purported findings the court undertook to interpret the contract. These amounted to conclusions of law and have no force as findings of fact. 2 Watson's Works Practice, § 1603. In other findings the court stated that there had been a breach of the appellee's contract of employ-

ment and that he had been wrongfully discharged. These must also be disregarded because they were without the issues. Under the contract the appellee's rights would be the same whether he was discharged or voluntarily quit. The complaint is predicated upon a breach of the contract set out therein and not upon a violation of any contract of employment. The appellee must recover upon and according to the theory of his complaint or not at all. *Thomas et al.* v. *Dale et al.* (1882), 86 Ind. 435.

In support of the conclusions of law the appellee relies upon the following provision of the contract:

> "After stock has been purchased under this proposal at the price of $150.00 per share, any salaried employee leaving the employ of the Company, or being discharged therefrom, and holding stock in said Company at the time of severing his connection, shall be paid for the stock owned by him at the rate of $150.00 per share."

The appellee contends that the above provision requires the appellants to purchase from him 1/84 of the stock held by the trustees at $150.00 per share. The right of the appellee to require that his stock be purchased is conditional rather than absolute, the condition being that there be funds available for that purpose. Where one seeks a recovery of money which is payable only upon the performance of a certain condition or the happening of a certain contingency, he must show that the condition has been performed or that the contingency has happened. *Schaefer* v. *Hines* (1914), 56 Ind. App. 17, 102 N. E. 838; *Crume* v. *Brightwell* (1919), 69 Ind. App. 404, 122 N. E. 230. According to the contract the only funds that are to be used in the purchase of stock on behalf of the salaried employees, under any circumstances, are net earnings of the company and dividends from stock held by the trustees. There is no

obligation on the part of the company to purchase any stock, nor is there any basis, under the facts found, for a personal judgment against any of the appellants. It is not alleged in the complaint nor is it found by the court that the salaried employees or members of the council possess any funds received pursuant to the contract which by its terms they are required to apply to the purchase of the appellee's stock. He must, therefore, fail under the theory which he has adopted as the basis of his action.

The action is for damages for breach of an express contract and the only errors assigned relate to the conclusions of law. Under the issues and upon the record presented to us, we would not be authorized to require the future earnings of the company or the dividends on the stock of the salaried employees to be applied toward the purchase of the appellee's stock nor can we order a new trial.

The judgment is reversed with directions to the Hamilton Circuit Court to restate its conclusions of law in accordance with this opinion and to enter judgment for the appellants.

Richman, J., not participating.

NOTE.—Reported in 39 N. E. (2d) 740.